## STATE OF MAINE *versus* JOHN CASEY.

Where the same section of an Act prohibits an offence, and specifies the acts of which it consists, an indictment for its violation must, by express words, bring the offence substantially within the statute description. In such case, the circumstances mentioned in the statute, to make up the offence, cannot be dispensed with, by the general conclusion *contra formam statuti.*

But when the offence is prohibited in general terms in one section of the statute, and in another section, entirely distinct, the acts are specified of which the offence consists, it is not necessary that any thing but the general description should be set out in an indictment.

An indictment under the statute of 1856, alleging that J. C., at a time and place named, "did keep a drinking-house and tippling-shop contrary to the form of the statute," is sufficient.

INDICTMENT under the statute of 1856, for keeping a drinking-house and tippling-shop. After verdict against him, the

defendant moved in arrest of judgment, for reasons which sufficiently appear in the opinion of the Court. The motion was overruled by GOODENOW, J., before whom the case was tried, and the defendant filed exceptions.

The EXCEPTIONS were argued by

*Guiney*, for the defendant, and by

*Appleton, Attorney General*, for the State.

The opinion of the Court was drawn up by

DAVIS, J. — This is an indictment against the defendant upon the statute of 1856, c. 255, § 15, "no person shall keep a drinking-house or tippling-shop within this State."

The only charge in the indictment is, that the defendant did, at the time and place named therein, "keep a drinking-house and tippling-shop, contrary to the form of the statute."

There is another section of the same statute, defining the offence, and providing that it shall consist of certain specified acts; and it is contended that this description should have been set out in the indictment. That this is in accordance with the usual practice, cannot be denied; and if the prohibition and the definition were both in the same section, we should have no doubt that the offence ought to be charged in the language of the description in the statute. For it is well settled that the indictment must, by express words, bring the offence within the substantial description made in the statute; and those circumstances mentioned in the statute to make up the offence, shall not be supplied by the general conclusion "*contra formam statuti.*" 2 Hale, P. C., 170; *Rex* v. *Cox*, 1 Leach, 83; *Rex* v. *Taylor*, Shower, 190.

But where the offence is prohibited in general terms in one section of the statute, and a penalty prescribed, and in another section, entirely distinct, there is a particular description of the elements which shall constitute the offence, we perceive no reason, upon principle or authority, why the indictment should contain any thing more than the general description. That

gives the defendant sufficient notice of the charge he is to meet, as effectually as if the whole description should be incorporated into the indictment.   The indictment in this case sets out the time, and the place, and the offence, with sufficient certainty.   *Commonwealth* v. *Ashley*, 2 Gray, 356.

*Exceptions overruled.*

TENNEY, C. J., RICE, CUTTING, MAY, and GOODENOW, J. J., concurred.