# CHARLESTON.

## STATE *v.* WELCH.

Submitted June 9, 1911.    Decided October 24, 1911.

1. WEAPONS—*Carrying Weapons—Elements of Offense.*
    An indictment for carrying a revolver, under Code 1906, ch. 148, sec. 7, as amended by Acts 1909, ch. 51, (Code Supp. 1909, sec. 4338), must charge that the act was done without a state license therefor.   (p. 548).

2. INDICTMENT AND INFORMATION—*Directness and Positiveness.*
    In an indictment every fact necessary to constitute the crime intended to be charged must be directly and positively alleged.   (p. 548).

3. SAME—*Requisites of Accusation—Unlawful Nature of Act.*
    The omission of essential matter in the description of the offense intended to be charged in an indictment cannot be supplied by a charge therein that the act was committed "unlawfully."   (p. 549).

Error to Circuit Court, McDowell County.

Frank Welch was convicted of carrying a revolver, and brings error.

*Reversed and Defendant Discharged.*

*Cook, Litz & Howard,* for plaintiff in error.

*James A. Seaman,* for the State.

ROBINSON, JUDGE:

Frank Welch complains that a judgment sentencing him to fine and imprisonment for carrying a revolver is erroneous.

Our consideration of the case leads us to the conclusion that his motion to quash the indictment should have been sustained. The trial court clearly erred in refusing to quash the indictment. No violation of law is charged against him.

The indictment merely charges that Welch, on a certain day, in the county in which the presentment was made, "did unlawfully carry about his person certain revolvers and other pistols, against the peace and dignity of the state." Now, these words do not make a statement that Welch transgressed the law; for, under the statute, one may carry a revolver or pistol in a legal way. The charge in the indictment does not state facts sufficient to show that Welch carried a revolver illegally. It simply says that he carried a revolver. He could carry a revolver and not violate any law, if he had a state license under the law now in force, and which was in force at the time alleged in the indictment. Acts 1909, ch. 51; Code Supp. 1909, sec. 4338. The indictment does not, by a charge of facts, show whether he carried a revolver legally or illegally. In failing to state facts showing that Welch illegally carried a revolver, the indictment is bad. An indictment under the statute cited must allege that the accused carried the weapon without having a state license so to do. If it does not allege the fact that the accused had no state license, it clearly does not state a case against him; for, the fact of the absence of a state license is an affirmative element in the description of the offense against which the statute provides. The words "without a state license therefor" are plainly used in the statute in describing the offense. The want of a state license is the very gist of the offense. Indeed the statutory offense cannot be charged without using these words. The words "without a state license therefor" are really not used in the statute as an exception or proviso, but as words directly descriptive of the offense. Were we, however, to consider the words as an exception or proviso in the act prohibiting the carrying of weapons, then the well known rule of criminal pleading would apply: "Where the statute has exceptions, provisos, and the like, the indictment on it must aver the contrary of those the negative whereof constitutes an affirmative element in the offense." Bishop Crim. Pro. (3rd ed.) sec. 631.

A charge cannot be made in an indictment by mere implica-

tion, intendment, or conclusion. Facts consititituting an offense must be stated. Every fact necessary to constitute the crime must be directly and positively alleged. 22 Cyc. 293, 326; 1 Bishop Crim. Pro. (3rd ed.) 519. In an indictment for the offense of carrying a revolver, there are two very essential facts that must be stated. One of these facts is that the accused carried a revolver, and the other is that he had no state license so to do. Unless both facts are stated, no crime is charged, for it takes both to constitute the violation of the law as described by the terms of the statute.

The use of the word "unlawfully" does not make the charge sufficient. It has been suggested that this indictment states that the accused unlawfully carried a revolver, and that, therefore, it indirectly charges that he had no state license. But no such indirect method of accusation will do. "The omission of material matter in the description of an offense cannot be supplied by a charge that the act was committed 'contrary to law', or 'unlawfully', or 'against the peace', etc." ·22 Cyc. 326. In point are also the following: 2 Hale's Pleas of the Crown, (1st Amer. ed.), 169; Chitty on Crim. Law, (5th Amer. ed.), 281; *State* v. *Helm*, 6 Mo., side page 263; *Redfield* v. *State*, 24 Tex. 133; *State* v. *Casey*, 45 Me. 435; *State* v. *Stroud*, 99 Iowa 16. In *Roberts' Case*, 10 Leigh 686, it was held that the indictment was defective in not stating essential facts constituting the crime, though the charge was that the act was "unlawfully" done. And in *Bishop's Case*, 13 Grat. 785, it was held that the words "contrary to law" could not supply an omission in stating facts material to show that an offense had been committed. Judge Lee there said: "These terms in an indictment serve to preclude all legal cause of excuse for the act imputed, but never to enlarge or extend the force and effect of those employed to describe it so as to make the act unlawful when it is not so by the description itself."

The judgment against the defendant will be reversed, the verdict on which it is based set aside, the indictment quashed, and the defendant discharged.

*Reversed and Defendant Discharged.*