## CHARLESTON

STATE v. WEIR.

Submitted September 12, 1912.    Decided October 15, 1912.

INDICTMENT AND INFORMATION—*Sales of Poisons—Prosecutions.*

A count of an indictment for selling cocaine under chapter 16, Acts of 1911, is defective if it does not aver that the sale was without the prescription of a physician. It must negative that exception in the statute.

Error to Circuit Court, Pocahontas County.

H. H. Weir was convicted of selling cocaine, and brings error.

*Reversed.*

*Chas. J. Schuck* and *N. C. McNeil,* for plaintiff in error.

*William G. Conley,* Attorney General, for the State.

BRANNON, PRESIDENT:

H. H. Weir was sentenced to a ten years term in the penitentiary from Pocahontas county for selling cocaine, and brings this writ of error.

Count 2 of the indictment, on which he was tried, charged that he "Did feloniously and unlawfully, sell, give away and dispense cocaine and mixtures containing cocaine, the said H. H. Weir not being then and there a licensed manufacturing pharmacist or chemist or wholesale or retail druggist; and the said H. H. Weir not being then and there in charge of any hospital, college, scientific or other public institution; and the said H. H. Weir not being then and there a licensed physician, dentist or veterinary surgeon, against the peace and dignity of the state." The statute on which this prosecution rests is ch. 16, Acts of 1911. Its first section reads as follows: "That no person shall sell, give away or otherwise dispense cocaine, alpha or beta, eucaine, or any mixture of either, except on the prescription of a licensed physician in good standing in his profession, not of intemperate habits or addicted to the use of any drug, and any person violating the provisions of this section shall be guilty of a felony and upon conviction thereof shall be imprisoned in the penitentiary of this state not less than one nor more than ten years for each offense. Provided, that nothing

herein contained shall be construed to prohibit the sale of cocaine
or alpha or beta eucaine by any licensed manufacturing
pharmacist or chemist or wholesale or retail druggist to other
licensed manufacturing pharmacist or chemist or wholesale or
retail druggist, or to hospitals, colleges and scientific or public
institutions, or to licensed physicians, dentists or veterinary
surgeons; nor to the use of cocaine or alpha or beta eucaine by
any licensed physician, dentist or veterinary surgeon in the
regular course of his practice." A motion to quash this count
was overruled. The defect pointed out is that the count does
not aver that the defendant acted without the prescription of a
licensed physician. The statute in its enacting clause prohibits
any person from selling cocaine, except upon the prescription
of a physician. The general rule is that an exception in the
enacting clause of a statute penal must negative the exception.
This principle is fully and clearly discussed by Judge ROBINSON
in *State* v. *Welch,* 69 W. Va. 547, in which case an indictment
for carrying a pistol was held bad, because it did not aver that
the defendant acted without a state license. That case would
seem to rule this case, and condemn count 2 in this indictment,
without further discussion. It so strikes me. As stated the rule
is that exceptions in the enacting clause of a statute must be
negatived in indictments. It is often a nice question when such
matter should be negatived and when it is a matter of defense.
I think the true rule is that "In charging a statutory crime only
such exceptions and provisions need be negatived as are de-
scriptive of the offense, without regard to their position and
location in the statute." 108 Am. St. R. 85, and note. But
the difficulty is to say whether the exception is a vital part of
the offense described. In our case all that is contained in the
count may be true and yet the defendant not guilty. That is
frequently put as a test of a good indictment. The defendant
may have had a prescription authorizing sale. The offense is
not merely selling, but selling without a prescription, therefore
we conclude that this is a part of the very definition of the
crime.

Such consideration satisfies me; but it was suggested that
section 2 of the statute might operate to say that no one, even
with a prescription, can sell cocaine. That section reads as

follows: "If any person, except a licensed physician, dentist or veterinary surgeon, manufacturing pharmacist or chemist, or wholesale or retail pharmacist or druggist, have in his possession cocaine or alpha or beta eucaine or any mixture of either with intent to sell, give away or otherwise dispense the same, he shall be deemed guilty of a felony and punished by confinement in the penitentiary of this state not less than one year nor more than ten years; and possession of cocaine or alpha or beta eucaine or any mixture of either, except by a licensed physician, dentist, veterinary surgeon, manufacturing, chemist, pharmacist, wholesale or retail pharmacist or druggist or on the prescription of a licensed physician in good standing in his profession, not of intemperate habits or addicted to the use of any drug, shall be *prima facie* evidence of an intent to sell, give away or otherwise dispense the same. Provided, that nothing herein contained shall be construed to apply to any hospital, college or scientific or public institution." It was suggested as that section prohibited anyone, except the persons named in it, from having possession of cocaine, it was intended utterly to prohibit anyone from selling, even on a prescription, and make the party guilty of sale. It seems to me that this would violate the plain intent of section 1, because it says that no person shall sell cocaine, "except on the prescription of a licensed physician," and thus plainly says that one having such prescription may sell. What could be plainer than this grant of authority? Furthermore, if we dney this effect of a prescription because of the prohibition of keeping on hand cocaine, contained in section 2, we by inference or implication give section 2 the effect to create a crime for the act of selling, when section 2 contains no words saying that one having a prescription shall not sell. By mere implication or construction, under the idea that such is the intent, we deny the right given in words by section 1. If we do this we violate the cardinal rule of construction of statutes, namely: that criminal statutes are to be strictly construed, and we cannot under them create offenses by mere construction. *Diddle* v. *Casualty Co.,* 65 W. Va., 170. "A penal statute cannot be extended by implication or construction. It cannot be made to embrace cases not within the letter, though within the reason and policy, of the law. 'It is axiomatic

that statutes creating and defining crimes cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute unless clearly within its terms." Although a case may be within the mischief intended to be remedied by a penal act, that fact affords no sufficient reason for construing it so as to extend it to cases not within the correct and ordinary meaning of its language." Lewis' Sutherland Statutory Construction, sec. 521 (350).

For these reasons we reverse the judgment, set aside the verdict, quash the second count of the indictment, and remand the case to the circuit court.

*Reversed.*

• WILLIAMS, JUDGE, *(dissenting):*

I think count two of the indictment is good. True, it does not allege, in terms, that the sale was made without the prescription of a licensed physician; but it does so, in effect, by negativing the fact that defendant is one of that class of persons who have the right to sell cocaine on a physician's prescription. I admit that section 1 of the act does not define the class of persons who are permitted to sell, but section 2 does. And the court is not confined to the first section to ascertain the crime, the thing prohibited; it may look to the entire act. Sec. 2 makes it a felony for any person, except the class of persons which the count, under which defendant was tried, alleges he does not fall within, to even "have in his possession cocaine * * * with intent to sell, give away or otherwise dispense the same." But, it was suggested that defendant was not indicted for having cocaine in his possession with intent to sell it. True, he was not; but can section 2 not be read to ascertain whether or not defendant was one of the enumerated class of persons who, alone, are allowed to have cocaine in their possession, for sale, or gift? And, seeing that he is not in that class, then how can it be said that he did not violate the statute by making a sale? Is it possible that the legislature has made it an offense for *any person,* except certain classes of persons, to have cocaine in their possession with intention to sell it, and yet has failed to make a sale of it by the same person an offense? To my mind this seems absurb, and yet, such result follows

the decision. To prevent the sale or gift of cocaine by the class of persons to which defendant belongs, is clearly seen to be the intention of the legislature and the very purpose of the statute; and section 2, forbidding him to have it in his possession, is primarily for the purpose of preventing his selling or giving it away.

I think the decision rests upon reasons which are hyper-technical, and results in an absurdity. I am fully aware of the rule of construction which requires that a statutory crime shall come within the letter of the law. But there is also another rule of construction, equally fundamental, which says that the rule of strict construction should not "preclude the application of common sense to the terms made use of in the statute to avoid an absurdity which the legislature ought not to be presumed to have intended." 2 Lewis Sutherland Statutory Construction (2nd ed.), sec. 521. *Commonwealth* v. *Loring,* 8 Pick. (Mass.) 370; *House* v. *House,* 5 H. & J. (md.) 125; *Smith* v. *State,* 17 Texas 191. I do not think this case is controlled by the case of *State* v. *Welch,* 69 W. Va. 547, for the reason I have stated. I thought, at the time that decision was rendered, that it was very technical, and yielded reluctantly to the opinions of my associates, because of certain previous decisions by this Court in indictments for sale of intoxicating liquors; but I am un-willing to expand so technical a rule. It is always easy to de-fend by producing the license. Moreover, we have recently held that the State need not prove want of license, even when such want is formally alleged, but that it may be presumed from proof of a sale. *State* v. *Tygarts Valley Brewing Co.,* 71 W. Va. 38, 75 S. E. 149. Why allege what need not be proved? But, I insist that count number two of the indictment, read in the light of the entire act, does allege want of a physician's prescrip-tion, by alleging, in effect, that defendant is not one of the class of persons who are permitted by the act to sell cocaine, even if he had a prescription. Verily, it does sem that the power to construe is more potent than the power to enact laws.