# CHARLESTON.

## STATE v. C. F. VAUGHAN.

Submitted November 11, 1924. Decided November 18, 1924.

1. INDICTMENT AND INFORMATION—*Indictment Must State all Circumstances Constituting Statutory Definition of Offense, Bringing Defendant Precisely Within Statute.*

    An indictment under a statute must state all the circumstances which constitute the definition of the offense in the statute so as to bring the defendant precisely within it. (p. 564.)
    (Indictments and Informations, 31 C. J. § 257.)

2. CARRIERS—*Operation of Motor Bus by Hotel Keeper Carrying Guests' Light Baggage for Hire But Not Undertaking to Serve General Public, Held "Class B" Carrier and Not Subject to Law Requiring "Class H-4" License Plate, "Public Transportation."*

    A hotel keeper who operates a motor truck in connection with his hotel business, hauling the light baggage of his guests free of charge, but making a charge for transporting their trunks and heavy articles, and occasionally, at his own pleasure and by special agreement, carries goods of others for hire, but does not undertake to serve all who may choose to employ him, is not engaged in the public transportation of property, and is not required to procure and display upon his truck a "Class H-4" license plate, under Chapter 6, Acts 1923. On the contrary he is a private carrier for hire, and is therefore a "Class B" carrier under the Act. (p. 567.)
    (Carriers, 10 C. J. § 25.)
    NOTE—Parenthetical References by Editors C. J.—Cyc, not part of Syllabi.

    (LIVELY, JUDGE, absent.)

Error to Circuit Court, Mingo County.

C. F. Vaughan was convicted of driving an automobile truck for hire without a license, and he brings error.

*Reversed; defendant discharged.*

*Goodykoontz, Scherr & Slaven,* for plaintiff in error.

*E. T. England,* Attorney General, and *Charles Ritchie,* Assistant Attorney General, for the State.

MEREDITH, PRESIDENT:

Defendant seeks to reverse the judgment of the circuit court of Mingo County convicting him of an offense under Section 82 of the Road Law, Chapter 6, Acts, 1923. The indictment charges that defendant on the — day of June, 1924, in the County of Mingo

> "did unlawfully drive or cause the same to be driven, by his agent and servant, a certain vehicle called an automobile truck, for the purpose of hire and transportation of property, merchandise and supplies for compensation when and while he, the said C. F. Vaughan, did not then and there have for or upon his said automobile truck a license for hire and in violation of section 82, chapter 6, of the Acts of the Legislature of West Virginia, regular session of 1923, against the peace and dignity of the state."

Defendant's demurrer to the indictment having been overruled, the case was submitted to the court in lieu of a jury on an agreed statement of facts, and the conviction followed.

The demurrer should have been sustained. What offense is charged in the indictment? This court has held that "In an indictment every fact necessary to constitute the crime intended to be charged must be directly and positively alleged." *State* v. *Welch,* 69 W. Va. 547, 72 S. E. 649. The indictment here merely charges that defendant unlawfully drove or through his servant caused to be driven an automobile truck for the purpose of hire and compensation; and that he did not have upon his truck a "for hire" license, in violation of sec. 82, ch. 6, Acts, 1923. These allegations do not state in what respects defendant transgressed the law. Two distinct classes of "for hire" licenses are provided for by section 82 of the statute, "Class B" and "Class H-4" licenses. The indictment makes no distinction. That paragraph of section 82 styled "Class H" says: "No motor or other vehicle shall be operated over any public road or over any street or alley within an incorporated city or town in this state for the public transportation of passengers or property

or both for compensation until'' etc.   And paragraph ''Class H-4,'' the particular section under which the state seeks a conviction, reads in part:

> ''Motor vehicles operated for the public transportation of property not running over a regular route or between fixed termini, shall each be charged and pay a fee of double that of trucks not used commercially.''

It is neither alleged here that defendant operated his truck on a public road or street, nor, as will hereinafter be more clearly shown, is it averred that he engaged in public transportation.   The facts constituting the offense must be stated. The defendant must be advised of the crime with which he is charged. The words that he ''unlawfully'' operated a truck, or that he did so ''in violation'' of a statute do not suffice. *State* v. *Welch, supra.*   ''An indictment under a statute must state all the circumstances which constitute the definition of the offense in the statute so as to bring the defendant precisely within it.''   *State* v. *Dolan,* 58 W. Va. 263, 52 S. E. 181.   This indictment does not inform defendant of the nature of the case attempted to be made out against him, nor does it allege an offense cognizable under the act.

But defendant objects also to the judgment.   The agreed facts show that defendant owned and conducted a hotel in the City of Williamson; and that in connection with his hotel business he kept and his porter operated a motor truck of three-fourths ton capacity.   He used the truck for the transportation of the baggage belonging to the guests of his hotel, and occasionally for hauling property of other persons.   No charge was made for hauling the light baggage of the hotel guests, but a charge was regularly made for the transportation of their trunks and heavy baggage, as well as for the carrying of the property of others.   He did not undertake to carry the goods of all persons who might choose to employ him, but held himself out only as being willing to haul property of guests of the hotel.   Property of others was carried only occasionally, and then upon special request, at his own pleasure and by special arrangement.   Defendant, at the time of his indictment, had procured and was properly displaying on his

truck license plates provided for in sec. 82, of chapter 6 of the Acts of 1923 for "Class B" vehicles, but had not procured a license under the provisions of the section relating to "Class H-4" vehicles. The state's case is that defendant had not procured and was not displaying on its truck a "Class H-4" license, and that he is liable to the penalties prescribed for that omission. Was the truck, as used by the defendant, a "Class B" or a "Class H-4" vehicle? That is the question submitted for our judgment. It can be answered only by an analysis of the statute. The following relates to "Class B" vehicles:

> "The registration fee for motor vehicles equipped with solid rubber tires and used for the transportation of merchandise, supplies, and for any purpose other than the public transportation of passengers or property, or both, for compensation, shall be twenty-five dollars yearly for motor vehicles of one ton or less capacity; fifty dollars yearly for a vehicle of more than one ton and not more than two tons capacity; seventy-five dollars yearly for a vehicle of more than two tons and not more than three tons capacity; one hundred dollars yearly for a vehicle of more than three tons and not more than four tons capacity; and one hundred and fifty dollars yearly for a vehicle of more than four tons and not more than five tons capacity; *provided,* that the manufacturer's rated capacity for the chassis shall be used in determining the capacity of any vehicle licensed under this class. The registration fee for vehicles of the kind enumerated under this class but equipped with pneumatic tires shall be three-fourths of the amount of the fee charged when equipped with solid tires."

"Class H-4" vehicles are governed by the following provision:

> "Motor vehicles operated for the public transportation of property not running over a regular route or between fixed termini shall each be charged and pay a fee of double that of trucks not used commercially."

Examination of the statutory provisions quoted reveals that the paramount distinction between the two classes of vehicles is that "Class B" covers motor vehicles used for the carrying of property for compensation for any other purpose than public transportation, while "Class H-4" vehicles are used for the public transportation of property for compensation. If the facts, therefore, are that defendant operated his truck for the public transportation of goods for compensation, then the State is right in its construction that defendant should have provided his truck with a "Class H-4" license. If he did not so operate his truck for public transportation, then his "Class B" license was all that the statute required. From this the natural question which suggests itself is: What is public transportation? We need not give our own answer. In the paragraph marked "Class H" of section 82 the Legislature gives this definition:

> "For all the purposes of this act a motor vehicle shall be deemed to be a motor vehicle operated for the public transportation of passengers or property or both when the owner or operator of such vehicle undertakes to carry passengers or property, or both, for all persons who may choose to employ and compensate such owner or operator, regardless of the restriction as to the kind or character of service to be rendered either as to passengers or property; such classification shall include taxicabs, bus lines, truck lines, and any other indiscriminate transportation of passengers or property for compensation, without regard as to whether such operation is between fixed termini or over regular routes or otherwise."

In other words, to be engaged in public transportation of property, the Legislature contemplates that one must hold himself out or undertake to carry for all who may choose to employ him. He must be a common carrier. Such seems to be the accepted view. Huddy, Automobiles (6th ed.) §130; Babbitt, Law of Motor Vehicles, (3d ed.) §158.

Clearly, defendant here was not such a carrier. Aside from carrying the baggage of his guests, which transportation was clearly a restricted business, and incidental to his

97 W. Va.

chief business of hotel keeping, he hauled goods occasionally, at his own pleasure, for others. It is expressly agreed that he did not undertake to serve generally all who might choose to employ him. It may be said that this holding renders difficult the application of the law relating to "Class H-4" vehicles. This is unavoidable. We have followed the clear import of the statute. What constitutes a common carrier is a question of law, but whether a party in a particular instance comes within the class is a question of fact, to be determined as the case may arise. The Legislature has made no provision relative to presumption, but even had it done so, this defendant, upon the agreed facts, could be nothing more than a private carrier. As such, his "Class B" license was clearly sufficient, and his conviction could not be sustained.

. We reverse the judgment, sustain the demurrer to the indictment and discharge the defendant.

*Reversed; defendant discharged.*