State *ex rel.* Lorenzo D. Mick *et al. v.* County Court of Lewis County *et al.*

(No. 7023)

Submitted May 13, 1931. Decided May 26, 1931.

*E. A. Brannon* and *Herbert M. Blair,* for relators.
*W. R. Simmons, W. J. Smith* and *Da Costa Smith,* for respondents.

HATCHER, JUDGE:

Petitioners allege that A. E. Sutton was elected assessor of Lewis County on November 6, 1928, and that he qualified and has served continuously as such since January 1, 1929; that at the commencement of his term, he appointed the petitioners as four of his deputies with the consent of the county court of Lewis County, entered of record, and that they qualified and have served as deputies ever since; that immediately prior to the commencement of their term of office, the assessor and the county court concurred in fixing the annual salary of each petitioner at $1,000 (payable in monthly installments of $200.00 during the first five months of each year of their tenure in office); and that the county court now proposes and has attempted, over the protest of the assessor, to reduce their several salaries for the year 1931 to $750.00 (payable at the rate of $150.00 a month). Petitioners pray that the county court be directed to pay them, severally, their salaries at the rate of $200.00 a month for the first five months of the year 1931.

The county court denies that the salaries were initially fixed for the full term of office of the petitioners; and alleges that the assessor submitted his estimates of the salaries of his deputies in December prior to each of the years 1929, 1930 and 1931, and that the allowances to petitioners by the respondent were made for each of said years separately.

In order for the petitioners to prevail they must, of course, establish a clear legal right to the writ which is sought. The only law relating specifically to this subject is (a) the constitutional provision: "The assessor shall, with the advice and consent of the county court have the power to appoint one or more assistants", (Const. Art. 9, sec. 2); and (b) the statutory provision: "The salary of all assistant assessors shall be fixed by the assessor and the county court, and shall not be less than three hundred nor more than two thousand four hundred, which in no event shall exceed the amount paid the assessor." (Code 1923, chapter 29, sec. 10). It will be noted that neither of these provisions makes any reference to the duration of this salary. We find no general advice elsewhere in the constitution or the statutes on the matter.

Consequently, the petitioners have in their favor only such inferences as argument suggest. Opposed to these inferences is the unqualified statutory inhibition against the county court incurring "any obligation or indebtedness which such fiscal body is not expressly authorized by law to expend or incur", and the general legislative policy limiting all obligations of the county court to the levy for the current fiscal year. See Code 1923, chapter 28-A, sec. 12. The salary of an assistant assessor, legally fixed, becomes an obligation. Since the county court had no express authority to incur in 1928 the obligation, which fixing the salaries then for 1930-1-2 would have entailed, the petitioners demonstrate no clear legal right to the writ, even if the proof were with them.

The petition also alleges that in the estimate (for 1931) upon which the county levy was made in August, 1930, provision was expressly made by the county court for a sum sufficient to pay petitioners the salaries they claim for the year 1931. This allegation is correct. The provision in the estimate, however, was not the result of a conference with the assessor (who did not file his estimate with the court until the following December) ; it was merely preparatory for that conference. The court may have expected in August, 1930, to pay the 1931 salaries according to the estimate. But expectation is a far cry from consummation, and the court simply changed its mind in December, as it legally had the right to do.

The writ is accordingly denied.

*Writ denied.*