HARRY A. NORRIS, JUSTICE, ETC. *v.* COUNTY COURT OF CABELL COUNTY ET AL.

(No. 7286)

Submitted March 2, 1932.   Decided March 8, 1932.

*W. C. Perry, O. J. Deegan,* and *Connor Hall,* for relator.
*L. W. Blankenship, J. F. Eaton,* and *John T. Simms,* for respondents.

WOODS, JUDGE:

By this proceeding in mandamus a justice of the peace of Cabell county seeks to compel the county court of said county to pay a number of fee bills, totalling $526.75, which theretofore had been presented to the prosecuting attorney for examination and found correct.

Under Code 1931, 7-5-15, 50-17-14 and 60-2-8, relator's right to collect fees to which he is entitled under Code 1931, 50-17-11, is dependent upon fines collected by him and turned over to the sheriff to be credited to the former's special account under the "general school fund." However, relator seeks payment under the last cited provision, claiming that the first three are violative of the federal and state constitutions.

The decision of a question involving the constitutionality of an act is one of the gravest and most delicate of the judicial functions, and while the court will meet the question with firmness where its decision is indispensable, it is the part of wisdom, and a just respect for the legislature renders it proper, to waive it if the case in which it arises can be decided on other points.

The relief is sought under Code 1931, 50-17-11, as an embodiment of the prior long existing law. However, Code 1932, chapter 137, section 19, not only provided that "every justice shall be entitled to the following fees," etc., as does the present section, but also stated that recovery was to be

694

had under section 229 of chapter 50. This latter section made it collectible, if at all, out of the "general school fund," and not out of the general fund as argued for by relator. Code 1931, 50-17-11, standing alone does not provide for the mode of payment. Under Code 1931, 11-8-13, the obligations which a county court may lawfully incur are limited by statute to such as it is "expressly authorized by law" to incur. *State* v. *Lewis County Court,* 110 W. Va. 533, 158 S. E. 790. In the absence of an express authorization of some kind, the county court would not be warranted in making payment out of any fund of the county.

Relator has not shown that clear legal right which is required to invoke the aid of mandamus. "Clear legal right of the relator in mandamus to have performance of the act he seeks to coerce performance of, and plain duty to perform it, on the part of the respondent, are essential to the award of the writ." *State ex rel. Smith* v. *County Court,* 78 W. Va. 168.

Without entering into the question of the constitutionality of the statutes, we refuse the writ.

*Writ denied.*