STATE ex rel. COUNTY COURT OF TYLER COUNTY v. HONORABLE
JAMES F. SHIPMAN, *Judge, et al.*

(No. 7369)

Submitted September 7, 1932.   Decided September 20, 1932.

*O. J. Hill* and *I. M. Underwood, Chas. M. Kimball* and
*Wm. J. Brennan,* for petitioner.
*Willis & Ball,* for respondents.

LITZ, JUDGE:

This is an application for a peremptory writ of prohibition
by the County Court of Tyler County against the Honorable
James F. Shipman, Judge of the Circuit Court of Marshall
County, H. E. Humes, Clerk of said court, and Sam Hissam,
to restrain respondents in the further prosecution of an
action instituted by Hissam against relator before a justice
of Tyler County for the recovery of $16.75, expenses incurred
by him as probation officer of Tyler County.

From a judgment rendered by the justice against him,
Hissam appealed to the Circuit Court of Tyler County. Upon
motion of the county court the case was removed from the

Circuit Court of Tyler to the Circuit Court of Marshall County. Relator now petitions this court for a peremptory writ of prohibition restraining the further prosecution of the action on the ground that the claim asserted against it, based on chapter 49, article 2, section 5 of the Code, is without any legal basis. The statute authorizes (1) the appointment of "one or two" probation officers in counties having a population of 48,000 or over, who shall receive salary and expenses not in excess of $100.00 each, annually, (2) the appointment of one probation officer in counties of a population of 18,000 or over (and less than 48,000), who shall receive a salary and expenses not in excess of $100.00 annually, and (3) the appointment of one probation officer for counties with a population of less than 18,000 who shall receive a salary not in excess of $100.00 per year. Without providing for expenses for probation officers in counties of less than 18,000 inhabitants, the act declares that probation officers shall receive no compensation from the county treasury except as therein provided. Tyler County has a population of less than 18,000.

Respondent Hissam asserts that the legislature intended that probation officers in such counties should be allowed expenses, and that a provision to that effect should be read into the statute. Relator answers that a county court is prohibited by chapter 11, article 8, section 13, from expending any money or incurring any indebtedness which it is not "expressly authorized by law to expend or incur."

Respondents also insist that prohibition will not lie because the trial court has jurisdiction in the premises. In determining this procedural question, it is necessary to consider the merits of the case. In view of chapter 11, article 8, section 13 of the Code, the claim of Hissam cannot be sustained upon the theory of implied authority in the county court under chapter 49, article 2, section 5, to pay it. Such authority cannot be implied. *State* v. *County Court,* 110 W. Va. 533, 158 S. E. 790; *Norris* v. *County Court,* 163 S. E. 418; *Woodyard Publications, Inc.,* v. *Lambert, Sheriff,* 163 S. E. 858.

As the action involves an unauthorized claim against the county court, prohibition will issue to restrain its further

prosecution. In *Yates* v. *County Court*, 47 W. Va. 376, 35 S. E. 24, enforcement of a judgment of $25.00 against a county court in favor of an attorney as a fee for defending a criminal under a court appointment was prohibited on the ground that the law did not authorize payment of such fee from the county treasury, and that the enforcement of the judgment would, therefore, amount to an unauthorized donation of public funds. This case involves the same principle. The fact that prohibition was awarded in the *Yates* case after judgment had been rendered makes no difference, as prohibition will issue as well before as after judgment.

The peremptory writ is, therefore, awarded.

*Writ awarded.*