STATE OF WEST VIRGINIA *v.* GILBERT JORDAN

(CC 537)

Submitted September 10, 1935. Decided September 24, 1935.

*E. Wayne Talbott,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

MAXWELL, JUDGE:

By a warrant issued by a justice of the peace of Barbour County, it was charged that Gilbert Jordan "in the said County did unlawfully have in his posession 10 squirrels between the first day of January and the twenty-fourth day of September, 1934." Convicted before the justice, Jordan appealed to the circuit court where demurrer to and motion to quash the warrant were overruled, and the State's demurrer to a special plea tendered by the defendant was sustained. The circuit court certified for review its said action in respect of both the warrant and the plea.

The warrant is based on Code, 20-4-5, as amended by Acts of the Legislature of 1933, chapter 5. It reads: "No person shall hunt, capture or kill any gray, black or fox squirrel or have in his possession in any county of this State, any squirrel except during the open season for such county, as provided for by the commission in the several counties of this State. No person shall kill more than five squirrels in any one day, nor more than thirty in any open season." Of course, the provision that a person shall not "have in his possession in any county of this State, any squirrel except during the open season for such county," relates to the species of squirrels named, and applies only thereto. Otherwise, there is presented the anomalous situation that a person may capture or kill squirrels other than the kinds protected but may not reduce them to his possession.

In our opinion, the warrant is not good. In the first instance, it is not sufficiently specific in respect of the kind of squirrels charged to have been in defendant's possession. The statute names only three varieties of squirrels, to-wit, gray, black and fox squirrels. There are other species of squirrels

generally recognized as native to West Virginia, namely, ground squirrel, called chipmunk; red squirrel, sometimes called chickaree or "ferrididdle"; and flying squirrel. The warrant specifies no kind of squirrel, but uses only the generic term. *Non constat* but that if the defendant had squirrels in his possession at the time alleged in the warrant, they were squirrels of one or more species not protected by the statute. "In an indictment every fact necessary to constitute the crime intended to be charged must be directly and positively alleged." *State* v. *Welch*, 69 W. Va. 547, 72 S. E. 649. Similar exactitude is required of a warrant. The case cited is also authority for the proposition that "the use of the word 'unlawfully' does not make the charge sufficient" where essential matter is omitted. Sustaining authorities are therein cited. In the habeas corpus case of *Scott* v. *Harshbarger*, 116 W. Va. 280, 180 S. E. 187, in discussing a felony indictment which was not sufficiently specific, we said: "It is perfectly plain that if the state had proven every single allegation contained in this indictment and no more, it would not have proven the crime of abortion, and, upon timely motion, the trial court would have been required to strike out the state's evidence. This being so, it is evident that the indictment does not charge an offense." A similar observation applies here. Proof of the possession of ten squirrels, without further description of them would not constitute an offense. Therefore, since it would be necessary to prove that the squirrels in possession were of a kind or kinds protected by the statute in order to constitute an offense, it is equally necessary for a warrant or indictment to be likewise specific.

There is another element of vitiating uncertainty in the warrant. This is with respect to the closed season for squirrels. The statute does not prescribe the closed season, but empowers the Game, Fish and Forestry Commission "to fix the open seasons for the hunting of all game animals, game birds and for fish and frogs in the several counties of the State and may, at its discretion, provide for different open seasons in the several counties." (Some provisos follow.) Code, 20-3-8, as amended by Acts of the Legislature of 1933, chapter 5. Presumably the period between the first of Janu-

ary and the 24th of September, 1934, as specified in the warrant, was the closed season in Barbour County for the kinds of squirrels named in the statute, and the said commission had in regular course promulgated an order designating such closed season, but the warrant does not so allege. Such matters can not be left to conjecture.

For the reasons indicated, we are of opinion that the warrant should have been held insufficient under the motion to quash or the demurrer, both of which had for their purpose the testing of the legal sufficiency of the warrant.

Having thus determined that the warrant must be quashed and that the case must go out of court for that reason, it, of course, becomes unnecessary to consider the trial court's action with respect to the defendant's special plea.

We respond to the certification by holding that the warrant is insufficient and shall enter an order to that effect. The proceeding will be dismissed without remanding it to the trial court.

*Reversed and dismissed.*