**UNITED STATES of America ex rel. John H. PREECE, Petitioner,**

v.

**Ira M. COINER, Warden, West Virginia State Penitentiary, Respondent.**

**No. 788–W.**

United States District Court
N. D. West Virginia,
Wheeling Division.

April 25, 1957.

512

on November 28, 1955, was sentenced to a term of five to ten years' imprisonment in the West Virginia State Penitentiary, at Moundsville, West Virginia, where he is presently confined.

Petitioner now seeks a writ of habeas corpus ad subjiciendum on the ground that the indictment under which he was convicted was void for two reasons: (1) That it failed to state that he was a male person over the age of sixteen years; and (2) that it failed to state that the act was committed by him "willfully or with intent".

The indictment charged:

"That John H. Preece, a male person on the 12th day of April, 1955, in the said County of Cabell, did unlawfully and feloniously have sexual intercourse with Marcella Hope Preece, the daughter of the said John H. Preece, against the peace and dignity of the State."

Incest is a statutory crime and was not a crime at common law. Therefore, whatever elements are necessary to constitute the offense of incest are prescribed wholly by the particular statute. The West Virginia statute, 61–8–12, W.Va.Code, states in part:

"If any male person shall have sexual intercourse with his * * * daughter * * * every such person shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than five nor more than ten years."

While it is true that an indictment charging a statutory crime, in order to be legally sufficient, must state all the necessary elements constituting the definition of the offense in the statute, State v. Dolan, 1905, 58 W.Va. 263, 52 S.E. 181, State v. Vaughan, 1924, 97 W.Va. 563, 125 S.E. 583, this statute makes neither the age of the parties nor their particular mental state material elements of the offense. The statute has been construed by the West Virginia Supreme Court of Appeals in the case of State v. Wright, 1947, 130 W.Va. 336,

---

John L. Ruckman, Wheeling, W. Va., for petitioner, at the request of the Court.

W. W. Barron, Atty. Gen., W. Bernard Smith, Asst. Atty. Gen., for respondent.

BOREMAN, District Judge.

Petitioner was indicted by the grand jury of Cabell County, West Virginia, for the crime of incest. He was subsequently tried and convicted in the Common Pleas Court of Cabell County and,

at page 342, 43 S.E.2d 295, at page 299, wherein the Court said:

> " * * * The blood relationship between the parties renders defendant's (father's) act in having sexual intercourse with his daughter incestuous and criminal."

The statute, as interpreted, indicates that the only material elements of the offense are (1) sexual intercourse, (2) between persons of the prohibited relationship.

Obviously the petitioner here has confused the incest statute with the statute defining the offense of statutory rape. Statutory rape is also an offense created by statute and the indictment must allege that accused is over the age of sixteen years, else it is fatally defective. Under the incest statute, no age element is mentioned and the age of neither party is material. 42 C.J.S. Incest § 7, states:

> "Under some statutes in order to warrant a conviction for incest the parties to the alleged incestuous act must have arrived at a specified age. *In the absence of such a statute, age is not an element of incest * * *"* (Emphasis added).

By the same token, neither would it be necessary to allege that the crime was committed "willfully and with intent". No particular mental state or condition is specified by the statute as a necessary element of the offense.

The petition shows that the petitioner has previously applied to the West Virginia Supreme Court of Appeals for a writ of habeas corpus, alleging essentially, if not identically, the same grounds asserted here. Upon the basis of the facts presented, that Court refused the writ. The United States Supreme Court then denied a writ of certiorari. Thus, this case falls squarely within the rule announced in the case of the United States ex rel. Clark v. Skeen, D.C.N.D.W.Va.1954, 126 F.Supp. 24, wherein the Court held that a federal district court may properly decline, without a rehearing of facts, to award a

writ of habeas corpus to a state prisoner where the legality of his detention has been determined, on the facts presented, by the highest state court having jurisdiction.

■■ The Court is of the opinion, and so holds, that the indictment, as set out, is legally sufficient. The legality of petitioner's detention has previously been determined, on the facts presented, by the highest state court with jurisdiction. Therefore, the petition showing on its face that petitioner is not entitled to the writ, his prayer for a writ of habeas corpus ad subjiciendum is hereby denied without a hearing. Ordered accordingly.