# CHARLESTON

## GUINN' *v.* WARBUTTON.

Submitted March 4, 1908. Decided March 10, 1908.

1. SPECIFIC PERFORMANCE—*Contract—Defective Description.*
    Specific performance will be denied, when the alleged contract, aided by extrinsic evidence of surrounding circumstances, is indefinite and uncertain in description of the land, and refers to nothing by which it may be identified with reasonable certainty. (p. 77.)

2. JUDGMENT—*Error—Setting Aside.*
    For error apparent on the record, a court may, during the term at which a decree is entered, set aside or modify the same, upon motion, or at its own instance, without notice. (p. 78.)

Appeal from Circuit Court, Kanawha County.

Bill by H. F. Guinn against T. B. Warbutton. Decree for defendant, and plaintiff appeals.

*Affirmed.*

FERGUSON & ELLISON, for appellant.
IVORY C. JORDON, for appellee.

ROBINSON, JUDGE:

The decree denies specific performance of an alleged written contract for the sale of land. The ground of such denial, stated therein, is *laches* on the part of plaintiff and his failure

to perform his part of the contract.    However all this may be from the somewhat conflicting evidence, we need not consider, as a matter more fatal to the cause of plaintiff precludes the necessity of so doing.

In the writing by which it is alleged plaintiff is entitled to a deed for the land, the only description is: "A certain parcel of land containing 14 acres, more or less, and bordering on Warbutton Branch & on Big Sandy, and situated in the District of Big *Sand* and County of Kanawha." This description is not certain in identification of the land; nor is it sufficiently aided by extrinsic evidence of surrounding circumstances.    In *Crawford et al* v.    *Workman*, decided this term, we held: "In a suit for the specific execution of a contract for the purchase of land, where neither the contract itself, nor the extrinsic proof of surrounding circumstances, identifies or defines the tract or boundaries of the land, or refers to anything by which it may be identified with reasonable certainty, the Court will not decree a specific performance, but will dismiss the bill."    The contract and the evidence under consideration falls clearly within this rule.    So completely is this case controlled by that decision that it is useless to do other than refer to the clear and lucid opinion of Judge Brannon therein.    His exposition of reason and the law there needs no addition by words here.

There was decree by default in favor of plaintiff, at a special term of the court, April 30, 1904.    This was set aside, June 4, 1904; whereupon defendant was permitted to demur and answer.    Evidence was taken, and the cause finally heard upon the bill, answer, replication, and depositions. There was decree for defendant, dismissing the bill, but placing the parties in *statu quo* by decreeing to plaintiff the amount he had paid on the contract.    There seems to have been no consideration of the demurrer.    Defendant assigns no cross-error.

Plaintiff insists that it was wrong to set aside the default decree in his favor, without notice to him.    We are not affirmatively told by the record that this action was at the same special term at which that decree was entered; but, as the matter is presented, we must so presume.    We have judicial notice of the dates of regular terms of circuit courts,

and, in 1904, the circuit court of Kanawha county was holden on the first Monday in March and the first Monday in June. The fact that there was a special term in session on April 30 shows that the regular March term had adjourned. The first Monday in June of that year was the sixth day of that month. So June 4, the day the default decree was set aside could not have been at either of said regular terms. Since nothing to the contrary appears in the record, we must take it that this was another day of the continuance of the special term which is recited to have been in session on April 30. A court is not presumed to do a vain thing, as the setting aside of this decree, without notice and motion under chapter 134 of the Code, at a term subsequent to the one at which it was entered, would have been.

During the term, for error apparent on the record, the court may set aside and modify any judgment or decree of that term, upon motion, or at its own instance, and without notice. Note the following expressions from our cases: "Generally the judgment of a court is under and subject to its control during the term at which it is rendered, and it may set the judgment aside, at any time before the end of the term without notice." *Green* v. *Railroad Co.*, 11 W. Va. 685. "During the term, the record remains in the breast of the judges of the court, and in their remembrance, and therefore the roll is alterable during that term as they shall direct. For errors so palpable and serious, I think the court should *ex mero motu* correct the record, that it should verily state the truth." *Smith* v. *Knight*, 14 W. Va. 759. "Where it appears after a decree has been entered and before the end of the term that by accident, oversight, mistake, or misapprehension the decree is erroneous, the court has the power to correct or alter it, but this power is to be exercised with a sound discretion and is by no means arbitrary." *Bank* v. *Jarvis*, 26 W. Va. 787. In *Clendenning* v. *Conrad*, 91 Va. 410, it is held: "During the term all the proceedings are in the breast of the court, and under its control, and liable to be stricken out, altered or amended during the term, and that without notice to the parties. Parties to the suit are conclusively presumed to have known any modification made at a subsequent day of the term, of a decree entered at a former day." And in *Baker* v. *Swine-*

*ford,* 97 Va. 117, it is applicably said: "All courts of whatever degree are liable to err, and it is expedient and wise to afford the amplest opportunity to correct any error or injustice into which they have fallen. Therefore the law in its wisdom has reserved to the court full power over their records until the term is ended."

But mark the distinction between this and setting aside a decree at the term at which entered to let in an answer—a defense by issue of facts. In the latter case it can only be done when supported by affidavit, showing good cause, as we held in *Wilson* v. *Kennedy,* 59 S. E. 736. It is different where there is error apparent on the record. A different reason applies and controls, since the question does not turn upon the tardiness of the defendant, nor upon facts of defense which he interposes, but upon the regularity and validity of the proceedings. In the case before us there was error apparent on the record, an insufficient bill. That alone justifies the action of the court in setting aside the decree. Defendant was permitted to answer and make defense. Even had the bill been sufficient, and no error apparent on the record, this was wrong, as no good cause was shown. This erroneous step, however happens to be cured by the correct ending finally reached in the cause.

Since, as we have seen, the default decree was clearly erroneous because founded upon a wholly insufficient bill, and any decree of specific performance of the contract relied upon would be unwarranted, there was no impropriety, as alleged, in setting aside the decree of April 30, during the term at which it was entered. Error as aforesaid being apparent on the record, this action was proper, no matter if false reasons were assigned for it. Upon the face of the bill, it is clear that plaintiff was entitled at no time to the relief sought thereby. Therefore, the action of the court in setting aside the first decree, and arriving in the end at substantial justice in the premises, by a dismissal of the bill, must be upheld even though the course pursued in reaching such conclusion was unnecessarily extended and based on improper assignment of reasons.

Consistent with the foregoing observations, we affirm the decree denying specific performance.

*Affirmed.*