# CHARLESTON.

STATE *v.* JOHN FELTY *et als.*

(No. 6626)

Submitted September 16, 1930. Decided September 23, 1930.

L. F. *Everhart* and F. E. *Parrack,* for appellee.
*George M. Ralphsnyder* and *G. W. Ford,* for appellant.

WOODS, JUDGE:

This is a suit by the commissioner of school lands of Preston county. The bill alleges that the Auditor has certified to him as being liable to sale for the benefit of the school fund certain parcels or tracts of land, which were sold to the State at a sheriff's sale on December 15, 1925, for the non-payment of taxes thereon for the year 1923, and that the same had been reported to the court, and suit authorized. The tract in controversy in this cause is listed with several others in Reno District, and is described as "Tract No. 1566, being 873 A. fee Flag Run, delinquent and sold in the name of W. M. Ralphsnyder."

The decree of reference, after reciting that process was served on all the resident defendants (of whom the appellant was one), instructed the commissioner in chancery to report: First, on the character and location of said tracts of land, whether in fee or minerals, and the acreage in fee and minerals; Second, the advisability of dividing the large tracts into

small tracts, whether minerals or fee, for an advantageous sale; Third, in whose name the lands returned delinquent, and the years that the taxes have not been paid upon the same; Fourth, the amount of all taxes and interest thereon, upon the several tracts and the amount due the various funds; Fifth, and such other matters as any party in interest may require, the same being pertinent, or such other matters as said Commissioner himself may deem pertinent, or such other matters, whether so requested or not. It also directed the Commissioner before proceeding therein to give notice to all parties to the suit as required under section 8, chapter, 105, Code, and that he should report what he did to the next term of court, to which time the cause was continued.

A final decree was entered on the 31st day of December, 1928, confirming the report filed in pursuance of the decree of reference, to which report there were no exceptions, and holding tract No. 1566 liable for the taxes thereon for the year 1923 and forward, together with interest, and that if appellant, or some other person entitled to redeem, did not immediately redeem same, it should be advertised, as provided by law, and sold for the benefit of the school fund. The appellant did not appear to redeem, and after advertising the land, the commissioner made sale of it. However, owing to some defect in the advertisement the court refused to confirm the sale upon the incoming report thereof, and directed another sale in accordance with its former decree. A re-sale was had, and by decree of July 12, 1929, the same was confirmed.

' The last mentioned decree recites that no exceptions were taken to said sale except such as were shown by the tendered answer of W. M. Ralphsnyder in regard to the tract in litigation; also, that on July 12, 1929, G. W. Ford and Isaac M. Ralphsnyder appeared as attorneys for W. M. Ralphsnyder and demurred to the plaintiff's bill, in which demurrer the plaintiff joined, which, upon consideration by the court, was by it overruled; and that thereupon appellant, by counsel, tendered and asked leave to file an answer, to the filing of which the plaintiff, and also the purchaser of the property,

objected, which objection was sustained. This decree ratified and confirmed the sale.

Is there error in any of the rulings of the trial chancellor calling for a reversal in this cause?

In regard to the sufficiency of the bill, the fact that appellant did not appear in the cause before a final decree was had therein, the bill operated as one taken for confessed. It contained the essential elements required by section 5(a), chapter 105, Code, and was sufficient. The demurrer, therefore, was properly overruled.

The commissioner's report was regular on its face. We have held that if such report is not excepted to, it is to be taken to be correct as to all adult parties, and it will not be examined by either the lower or appellate court, and no advantage of any error therein can be taken unless it be error apparent on the face of the report. *State* v. *King*, 47 W. Va. 437. There is nothing in the record to indicate that all matters set out in said report were not proved to the satisfaction of the commissioner.

Objection is made to that portion of the decree of December 31, 1928, which directed that the lands be advertised for sale if appellant did not "immediately" redeem same. We see no necessity for giving a day to redeem before sale. However, we are not unmindful of the general rule recognized by our decisions to the effect that a decree to sell land for debt of any kind without giving the debtor a reasonable time for payment before sale is cause for reversal. *King* v. *Burdett*, 44 W. Va. 561; *Abney-Barnes Co.* v. *Coal Co.*, 83 W. Va. 292; *Rose* v. *Brown*, 11 W. Va. 122. These cases hold that the giving of a time for advertising the sale is not equivalent to a specific day to redeem. But, as JUDGE BRANNON says in *Watterson* v. *Miller*, 42 W. Va. 108, the rule ought not to be applied to sales under trust deeds, as a trust deed is essentially a contract, and the court has no right to give indulgence when the parties have provided against it. In the instant case the only right that the appellant had was to come in and redeem his land. He could do that at any time during suit, up to the time of the entry of the decree confirming the sale. Section 16, chapter

105, Code. Then what would be the use of giving a day to redeem his land before sale? We see none. The rights which a purchaser acquires under an ordinary judicial sale do not attach to sales in a school land suit until the confirmation thereof. If no injury resulted by such a provision, shall we hold it to be error? We think not.

Inasmuch as the remaining questions deal with matters set up in the answer heretofore referred to, a brief statement of its contents becomes necessary. It sets up the fact that the legal title is now in the name of John Parks, trustee, for the benefit of the Buckeye Savings & Loan Company, the same having been given to secure the company in a loan to Ralph-snyder in the amount of $16,000.00; that the deed of trust is recorded in Deed Book No. 19, at page 344; and that it is still a substantial lien upon the property. This answer ends with the prayer that the sale be set aside, and that both the trustee and beneficiary thereunder be made parties defendant to the suit, and that only such portions of said tract of land may be sold as will be necessary to pay the plaintiff's delinquent taxes and the costs, and for further proceedings. Nothing is contained therein to show what equity of redemption, if any, the appellant would be entitled to should a re-sale be directed.

First let us consider appellant's right, if any, to have only such portion of the 873 acre tract sold as is necessary to take care of taxes and costs.

A proceeding to sell lands under chapter 105, Code, for the sale of forfeited and delinquent lands is a judicial proceeding—a suit, not simply an administrative proceeding. The court may in it allow anyone claiming right to the surplus proceeds of its sale to file his petition asking such surplus to be paid to him. *Wiant* v. *Hays,* 38 W. Va. 681, 23 L. R. A. 82. Likewise, the former owner, his heirs, devisees or assigns of the real estate so forfeited may at any time during the pendency of the suit and before a decree for the confirmation thereof has been made and entered by the court, file his petition therein, stating in full his title to such lands, accompanied by the evidence thereof, and praying to be allowed to redeem so much only of such real estate as to which the title still re-

mains in the state; and upon the filing of the petition, and upon full and satisfactory proof that at the time the title to said land vested in the state, the former owner had a good and valid title thereto, legal or equitable, superior to that of any other claimant thereof, the court may, by a proper decree, permit the petitioner upon the payment into court or to the commissioner of school lands, the costs, taxes and interest properly chargeable thereon, to be fixed by the court in its decree, to redeem the real estate mentioned in his petition. And upon such payment being made, the court shall enter its decree declaring the redemption of said real estate by said petitioner, so far only as the title thereto is in the state, and so far as the petitioner has shown himself entitled to redeem. Code, chapter 105, section 17. Tested by the rules governing legal proceedings, the case here stands as a bill taken for confessed. All the allegations of the bill are taken as true. No proof to show said allegations would be necessary. The appellant's only defense would be to come in by petition and ask for the redemption of his land as we have heretofore detailed. While the appellant in his proffered answer admits that the title is in the state, he asks not to redeem but insists that the portion of the land over and above that necessary to satisfy taxes and costs be set aside to him. The statute does not authorize such proceeding. It is true that upon the sale of land in the first instance by the sheriff, the officer is required to sell only so much of the tract as the purchaser may take and pay the taxes on the whole tract. In case no one will pay the taxes for a part thereof or on the whole tract, the land is purchased by the state. There is no provision for such proceeding where the land is sold in a suit of the character that we have in this case. In the sheriff's sale, the deed may be set aside if a large tract of land is sold for a small amount of taxes. *Younger* v. *Meadows*, 63 W. Va. 275. In the last mentioned case the court held that gross inadequacy of price alone will not, as a general rule, avoid such sale; yet, when combined with such irregularity in making the sale, or even slight circumstances indicating unfairness or fraud, it will furnish sufficient grounds for equitable interposition. Our statute authorizing such sale

(section 8, chapter 31, Code) provides "that the sale shall be of such tract or of such separate quantities or parts of such tract as shall be sufficient to satisfy the whole of the taxes." But, it is apparent this section does not obtain in proceedings of the kind under investigation here, although the appellant was evidently laboring under the impression that it did. The title for the whole tract is in the state. The appellant's only right was to an equitable redemption before the confirmation of the sale, as heretofore stated,· or possibly a sharing in the surplus arising from that sale. He has attempted to avail himself of neither, according to this record. Then so far as his answer related to the sale of a part thereof, the court did not err in refusing to file it.

What was the effect of the information disclosed regarding the trust deed, etc.? The answer set out with particularity the existence of a deed of trust on the property. It not only gave the name of the *cestui que trust* but the trustee, the date that the deed of trust was executed, and the fact that it was of record, and the trust and mortgage record in the county of the sale, in which it was recorded, but also that a substantial amount of the debt secured remained unpaid. It was of record at the time of the institution of the suit by the commissioner of school lands. We have held that both these parties are necessary parties to such a suit. *Asbury* v. *Adkins*, 107 W. Va. 628; *Sidenberg* v. *Ely*, 90 N. Y. 257; *Griffith* v. *Utley*, 76 Iowa 292. The appellant in bringing the matter of the absence of these parties to the attention of the court, was a party to the suit. It was his land that was being sold. He had an interest in seeing the land on which the trust deed was executed pay the debt secured. He probably was not able to redeem the land himself. Would he not have a right to call the attention of the court to the omitted parties? While his answer did not have the essential defense or right that the statute gave to him— redemption— it did contain the information of another necessary party whose rights were being jeopardized. The bill was not sworn to. The answer was not. So it stood before the court admitted as true. Should not the court have taken cognizance of it? We think so. Under our decisions, which

have been uniform, the merits of a case should never be adjudicated in the absence of necessary parties. When their absence is brought to the attention of the court, proceedings affecting their right should be suspended until they are made parties, or plaintiff declines to bring them in. *United Fuel Gas Co.* v. *Morley Oil Co.*, 101 W. Va. 73.

We must therefore reverse the decree of the circuit court confirming the sale and remand the cause with instructions to make the necessary parties and enter any such orders in relation thereto as may be right under the law.

*Reversed and remanded.*