## TERRITORY *v.* CHUN YUN.

### No. 2141.

Submitted July 9, 1934.      Decided August 4, 1934.

Coke, C. J., Banks and Parsons, JJ.

Proceedings were instituted in the district court of South Hilo against the defendant-appellee to require him to furnish a peace bond pursuant to the provisions of chapter 227, R. L. 1925, and upon a sworn complaint a warrant of arrest was issued for the apprehension of the defendant. The trial of the cause before the district magistrate resulted in defendant's being required to furnish a bond to keep the peace as provided by the statute. Upon the theory that the case is a criminal proceeding the defendant perfected an appeal to the circuit court in the manner prescribed in the statute for appeals in criminal cases. When the record on appeal reached the circuit court the clerk of the court entered the cause upon the criminal calendar. The Territory thereupon moved to have the cause transferred to the civil calendar. This motion was denied by the court. The Territory then filed a motion to dismiss the defendant's appeal on the ground that no appeal bond had been filed as provided for in section 2508, R. L. 1925, governing appellate procedure in civil cases. This motion was also denied by the court. The plaintiff-appellee interposed exceptions to the court's rulings. The cause comes to this court on an interlocutory bill of exceptions containing two exceptions, but which present but one question for the consideration of this court, namely, Should the cause be deemed to be a civil or a criminal proceeding?

The point raised becomes of importance for the reason that if the proceedings are criminal in their nature the defendant has properly perfected his appeal to the circuit court. On the other hand, if the cause is a civil case the defendant's appeal should be dismissed because he has not supplied the bond required by the statute governing civil appeals. In criminal appeals no such bond is required. Section 3996, R. L. 1925, provides: "When any

one fears that another intends to commit an offense against his person, or property, with violence, he may apply to any district magistrate, who shall take the declaration of the applicant, under oath, reduced to writing; and if it appears that he has reason to fear the commission of the offense, the magistrate may cause the person complained of to be arrested and brought before him by warrant," and section 3998 prescribes that "When any one so arrested is brought before the magistrate, he shall hear any statement or proof the accused has to offer, and if from the statement and evidence it appears that the complainant has mistaken the intention of the accused, and has no cause of fear, the prisoner shall be discharged; if he fail in showing that the application is groundless, the magistrate shall direct the accused to give bond, in a sum proportioned to the nature of the offense, with sufficient surety that he will commit no offense against the person. or property of the complainant." Section 3999 provides: "If the bond be not executed according to the order of the magistrate, the prisoner shall be committed to prison, and shall remain in custody until the bond be so executed, such custody not to exceed the term for which the bond is required, by the court or magistrate."

Decisions of courts in other jurisdictions are not in harmony, some announcing the doctrine that a proceeding to require a bond to keep the peace is civil in its nature while in other jurisdictions such cases are looked upon as prosecutions to prevent the commission of a crime and are therefore criminal proceedings. The supreme court of Wisconsin adopted the theory that proceedings of this nature belong to the category of civil cases (see *Weisselman* v. *State,* 70 N. W. 169), and some other state courts have announced a similar doctrine. The supreme court of Mississippi, having before it the identical question in-

volved here, said: "It cannot be said, in strictness, that this is either a civil or a criminal proceeding; but it is more in the nature of a criminal proceeding." *Ford* v. *State,* 50 So. 497. See also 9 C. J. 393.

The question here presented has not, we think, heretofore had the attention of the courts of Hawaii. Apparently in this jurisdiction section 3998 has uniformly been treated as a penal statute. This law, with slight changes which are immaterial here, is contained in chapter 47 of the Penal Code of 1869. This code was adopted by the legislative assembly of the Kingdom of Hawaii at its session in 1870. (See Ch. 1, L. 1870.) The same statute is to be found also in Ballou's compiled Penal Laws of 1897. The Revised Laws of 1925 were enacted by the legislature and again the section in question, by legislative act, was placed within chapter 227 under the general designation of "Criminal Procedure." It will thus be seen that not only the several compilers of the laws of Hawaii but the legislature itself treated the statute in question as belonging to the class known as penal laws. Under these circumstances the rule of contemporaneous construction may, we think, be properly invoked. (See 2 Lewis' Sutherland, Stat. Const. 886.)

It is argued by counsel for plaintiff that the decision of this court in a bastardy proceeding, to the effect that such a proceeding is civil in its nature, should be adopted and followed in the present case. (See *Territory* v. *Good,* 27 Haw. 8.) We are not impressed by this argument. There is a clear distinction between the two statutes. Chapter 179, providing for the support of bastards, was enacted solely for the purpose of compelling the father of an illegitimate child to support his offspring, not only in justice to the child and its mother but to prevent the child from becoming a public charge; whereas section 3998

was enacted in order to provide a means to prevent the commission of a threatened crime. It is true that the party accused has not actually committed a crime and the proceedings are not intended to punish for a past offense. He threatens to commit an offense and the proceedings are instituted for the purpose of deterring him from the commission thereof and to secure his future behavior. It may be said that although it is a criminal proceeding it is not a prosecution for a crime committed. Blackstone defined it as a proceeding for preventive justice as distinguished from a prosecution for a past offense, which is called "punishing" justice. See 4 Blackstone's Commentaries, 251.

We are of the opinion that the case before us falls within the category of criminal proceedings and the exceptions are therefore overruled.

*Carlsmith & Carlsmith* for the Territory.

*T. E. M. Osorio* for defendant.