(No. 7938)

Submitted November 14, 1934.   Decided December
4, 1934.

*James Paull, Jr.,* and *Jay T. McCamic,* for appellants.
*Edmund Lee Jones,* for appellee J. F. Trovillo.

Woods, President:

L. T. Heil and W. K. Mitchell prosecute this appeal
from a decree pronounced in a school land suit, whereby
the chancellor, upon an amended petition of J. F. Trovil-
lo, set aside, as null and void, the sale, the order of con-
firmation and the deed under which appellants claim, and
granted said petitioner the right to redeem.

The order of sale was entered on November 4, 1931.
The sale was had, the decree of confirmation entered, and
the deed executed, on January 22, 1932.   Sometime there-
after, to-wit, on the last day of the January Term, Tro-
villo, the holder of certain purchase money notes, made

payable to the order of "ourselves" and secured by deed of trust, the same having been executed, endorsed in blank, and delivered to petitioner, on even date with his transfer of the property herein involved to the grantors in the deed of trust, appeared for the first time in the suit, praying in his second amended petition that the sale, etc., be vacated, and the case reopened, on the ground that a certified copy of the commissioner's report had not been filed as an exhibit with the bill, as required by Code 1931, 37-3-10. The court overruled the demurrer to said petition and entered the order heretofore referred to, on the theory that failure to file a certified copy of the report was reversible error, for which the sale could be set aside at any time prior to the end of the term at which the same was confirmed.

The appellants insist (1) that there had been a substantial compliance with the statute, in that the substance of the report was set out in the bill; (2) that petitioner's lips, under the express language of Code 1931, 37-3-29, were sealed upon the entry of the decree of confirmation; and (3) that a sale in such cases may not be disturbed for reversible error unless the same is brought to the attention of the court prior to the entry of the order of confirmation.

The obvious intention of the statute requiring the filing of a certified copy of the report as an exhibit was to enable the court to examine and pass upon its sufficiency along with the record in the school land suit before decreeing sale. To permit the pleader to omit such exhibit merely because he may have set up in his bill all the facts included in the exhibit on the ground that the same amounts to a substantial compliance, would be to render the statute nugatory. Also, it might reasonably be taken for granted, as pointed out by the trial court, that a defective report would not be cured by a bill proper on its face. We have held that the provisions of Code 1931, 11-10-1, *et seq.*, whereby the owner of land may be divested of title for non-payment of taxes, must be strictly complied with. *Hardman* v. *Brannon*, 70 W. Va. 726, 75 S. E. 74. Although we have often spoken of the right to

redeem as a mere grace, so long as the legislature does not see fit to revoke it, the former owner, and others having an interest, have a substantial, or property right, and should be protected therein. *Neal* v. *Wilson,* 79 W. Va. 482, 92 S. E. 136. We must, therefore, hold with the circuit court that the omission amounted to error for which the proceeding, upon timely objection, should be reversed.

The petitioner, whether proceeded against by publication or otherwise, was accorded, by Code 1931, 37-3-29, the right to come in at any time during the pendency of the suit, and before the entry of the decree of confirmation and file his petition praying to be allowed to redeem. *State* v. *Felty,* 109 W. Va. 384, 155 S. E. 122; *Asbury* v. *Adkins,* 107 W. Va. 628, 149 S. E. 831. But did the entry of such decree *ipso facto* change his status to that of a stranger? We think not. This is borne out by the fact that section 28 of the article and chapter last cited, accords him the right to set up a claim to any surplus within a year after confirmation, although he had not theretofore appeared in the proceedings. *State* v. *Isner,* 92 W. Va. 149, 114 S. E. 510. We cannot agree with appellants' assumption that the decision in the last-mentioned case to the effect that the entry of the decree of confirmation would not bar a claim to any surplus for the sale of waste lands, amounts to an implied holding that the entry of such decree was a bar to any claim to the property itself. The decree of confirmation was open to attack until the end of the term at which entered. *Guinn* v. *Warbutton,* 64 W. Va. 76, 60 S. E. 1100; *Mathews* v. *Tyree,* 53 W. Va. 298, 44 S. E. 526; *Post* v. *Carr,* 42 W. Va. 72, 24 S. E. 583. We therefore conclude that Trovillo should be recognized as a party to the proceedings.

Appellants' third contention is that, under either the ordinary rules in chancery or the express provisions of section 29, *supra,* governing redemption in school land sales, the entry of the decree confirming the sale, and not the closing of the term tolls the right.

Just how far are the statutes governing judicial sales applicable to sales in school land suits? Under Code 1931,

55-12-8, the title of a purchaser at a judicial sale cannot be affected by a reversal of the decree of sale for error. Prior to such statute a purchaser was likely to lose his purchase by reversal of such decree for some error in the case, and few had the temerity to risk their money for that reason. Consequently, purchasers became few and properties were prevented from bringing anything like market value. *Peoples Bank of Philippi* v. *Cain,* 107 W. Va. 309, 313, 148 S. E. 107. If it were the purpose of the legislature to engraft such statute onto the provisions of article 3, *supra,* governing school land suits, such error as stressed herein by petitioner would have been unavailing as against the appellants. The primary object of a school land suit is that of securing to the State her taxes. And in addition to taxes, and the necessary costs of the suit, the State's next thought is of the "former owner, his heirs, devisees or assigns." A way has been set up whereby such parties may redeem. Had anyone within the foregoing classification appeared before the entry of the decree of confirmation, he would have been accorded the right to redeem. Is it reasonable then to say that the legislature intended to divest one standing in the shoes of Trovillo of the right to attack such a sale for errors committed in the case prior to sale? We think not. *Starr* v. *Sampselle,* 55 W. Va. 442, 450, 47 S. E. 255.

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed.*