D A N I E L SANTOS, Petitioner-Appellee, *v.* THOMAS NAHIWA, Officer in Charge of Hilo County Jail, or ERNEST J. FERGERSTROM, Chief of Police, Respondents-Appellants

No. 5054

July 6, 1971

RICHARDSON, C. J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This appeal raises several issues involving the constitutionality of HRS Chapter 709, Part II, "Bond to Keep the Peace".[1] While confined in Hilo County Jail on August 6, 1970 appellee Santos filed a petition for writ of habeas corpus in the Circuit Court of the Third Circuit. Ruling favor-

---

[1]Part II, "Bond to Keep the Peace", contains eleven sections, 709-31 through 709-41. Three sections, 709-31, 709-33 and 709-34 will be quoted in this opinion.

Our decision on the constitutionality of section 709-33, upon which all other sections are premised, will necessarily determine the validity of Part II, "Bond to Keep the Peace", in its entirety.

ably on his petition the circuit court ordered appellant, the officer in charge of the Hilo County Jail, to release Santos from state custody. From this order appeal is made to this court.

Santos was arrested on February 24, 1970 under a warrant of arrest issued by the presiding judge of the District Court of South Hilo, State of Hawaii, pursuant to the following statute:

"[HRS] § 709-31 *Offense against complainant, arrest.* When anyone fears that another intends to commit an offense against his person, or property, with violence, he may apply to any district magistrate, who shall take the declaration of the applicant, under oath, reduced to writing; and if it appears that he has reason to fear the commission of the offense, the magistrate may cause the person complained of to be arrested and brought before him by warrant."

This warrant was based on a complaint signed by Santos' wife alleging that he used threatening language toward her and had punched her on the head.

In accordance with HRS § 709-33, *infra,* the judge convicted Santos of the above-described offense and sentenced him to post a bond to keep the peace of $500. This statute reads:

"[HRS] § 709-33 *Trial; bond protecting complainant.* When anyone arrested under section 709-31 is brought before the magistrate, he shall hear any statement or proof the accused has to offer. If from the statement and evidence it appears that the complainant has mistaken the intention of the accused and has no cause of fear, the prisoner shall be discharged. If he fails in showing that the application is groundless, the magistrate shall direct the accused to give bond, in a sum proportioned to the nature of the offense, with sufficient surety that he will commit no offense against the person of the complainant."

Thereafter, on July 9, 1970 the surety on this bond withdrew causing the arrest of Santos the next day and his con-

finement in jail until a new bond was posted, as provided by law.

> "[HRS] § 709-34 *Bond Not Executed.* If the bond is not executed according to the order of the magistrate, the prisoner shall be committed to prison and shall remain in custody until the bond is so executed, such custody not to exceed the term for which the bond shall operate. The magistrate may, for good cause shown, release the prisoner from custody at any time prior to the expiration of the term."

Unable to post bond because of indigency, Santos sought relief by challenging the constitutionality of his conviction and incarceration on a host of grounds which we need not state here. Santos was subsequently discharged from prison when the circuit court set aside and vacated the order requiring him to post bond. The court in so ruling in part found: the conviction violated Santos' constitutional guarantee of substantive due process[2] in that HRS § 709-33 failed to require proof of guilt beyond a reasonable doubt; and the incarceration of Santos was unconstitutional because based on indigency denying him the equal protection of the laws.[3] We affirm the ruling for reasons herein.

HRS CHAPTER 709, PART II,
IS UNCONSTITUTIONAL IN THAT IT FAILS TO REQUIRE
PROOF OF GUILT BEYOND A REASONABLE DOUBT

Thirty-seven years ago this court in discussing our peace bond statute stated:

> "It is true that the party accused has not actually committed a crime and the proceedings are not intended to punish for a past offense. He threatens to commit an offense and the proceedings are instituted for the purpose of deterring him from the commission thereof and to secure

---

[2] 14th Amendment, United States Constitution and art. I, § 4, Constitution of the State of Hawaii.

[3] *Id.*

his future behavior. It may be said that although it is a criminal proceeding it is not a prosecution for a crime committed." *Territory v. Chun Yun*, 33 Haw. 109 at 113 (1934).

The State relied on the above quoted language for their proposition that proof only by a preponderance of the evidence under HRS § 709-31, *et seq.*, does not violate the due process clause of the 14th Amendment of the U.S. Constitution and art. I, § 4 of the Constitution of the State of Hawaii. We do not agree. Guilt of all persons when charged criminally must be established beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 361-64 (1970). Due process requires the prosecution bear no lighter burden of persuasion.

The fallacy of the State's contention is readily apparent when the language of *Chun Yun, supra,* is reexamined in light of our Rules of Criminal Procedure, constitutional dictates, and decisions from this bench and the United States Supreme Court. To the extent this language contravenes these precepts it is hereby modified.

We fail to appreciate the State's equivocal assertion that one so arrested is not charged with an offense.[4] "The complaint is a written statement of the essential facts constituting the offense charged." H.R.Cr.P. Rule 3 (1960). The warrant of arrest thereafter issued must be founded on the judicial determination that there is probable cause to believe that an offense has been committed and that the defendant committed it. H.R.Cr.P. Rule 4(a).[5] And the magistrate in his warrant must describe the offense charged. H.R.Cr.P.

---

[4]*See* Commonwealth v. Taub, 187 Pa. Super. 440, 144 A.2d 628 (1958) where the court states at pp. 442-43, "The purpose of the statutory enactments [peace bond statutes] has been to prevent the commission of a *more* serious crime." (Emphasis added)

[5]Art. I, § 5, Constitution of State of Hawaii:

" * * * and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing * * * the persons * * * to be seized."

Rule 4(b)(1). There seems little doubt that the accused is charged with the commission of a crime.

It is also clear that the quantum of evidence establishing probable cause does not justify conviction. *State* v. *Texeira,* 50 Haw. 138, 142-43, 433 P.2d 593, 597 (1967). "[E]vidence to prove guilt beyond a reasonable doubt is not required to make an arrest." *State v. Texeira, supra* at 147.

Yet under the application of HRS § 709-33, the accused may be adjudged guilty simply on evidence substantiating his arrest. No more is needed than the magistrate's conclusion that the complainant has not mistaken the alleged intention of the accused. This simply cannot pass constitutional muster for " * * * the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged." *In re Winship, supra* at 364.

HRS Chapter 709, Part II, "Bond to Keep the Peace", is invalid in its entirety.

Having determined the unconstitutionality of HRS Chapter 709, Part II, "Bond to Keep the Peace" on the ground that it violates the due process clause, we find it unnecessary to determine the applicability of the constitutional equal protection requirements.

The order of the circuit court is affirmed.

*George S. Yuda,* Assistant Corporation Counsel (*Wendell Kimura,* Corporation Counsel, with him on the briefs), for appellants.

*Steven K. Christensen,* Deputy Public Defender (*Brook Hart,* Public Defender, with him on the brief), for appellee.