JOSEPH KOLVEK

*v.*

LEONARD L. NAPPLE, *Sheriff, Marion County*

(No. 13519)

Decided March 18, 1975.

*David A. Glance* for plaintiff in error.

*Chauncey H. Browing*, Attorney General, *Richard E. Hardison*, Deputy Attorney General, *David P. Cleek*, Assistant Attorney General, for defendant in error.

BERRY, JUSTICE:

This is an appeal by Joseph Kolvek, hereinafter referred to as the appellant, from a final judgment of the Circuit Court of Marion County entered September 9, 1974 wherein the circuit court denied the appellant's petition for a writ of habeas corpus. On September 30, 1974 this Court granted appellant's appeal and on January 21, 1975 the case was submitted for decision upon the arguments and briefs filed on behalf of the respective parties.

It appears from the undisputed facts in this case that on August 11, 1974 the appellant was arrested on a "peace bond" warrant pursuant to West Virginia Code, 62-10-2. The warrant was issued by a magistrate of Marion County upon the representations alleged in a complaint filed by Andy Kolvek, the father of the appellant. The appellant's father alleged that the appellant had slapped him on a "couple" of occasions, and on August 11, 1974 the appellant had threatened "to get" him.

On August 11, 1974 the appellant was ordered by the magistrate to post a $500 "peace bond" pending a hearing on the warrant. The appellant was unable to post the $500 "peace bond" because he was an indigent and was consequently incarcerated in the Marion County jail pending a hearing. Counsel for the appellant was

appointed and on August 23, 1974 a hearing was held on the "peace bond" warrant before the magistrate. At the conclusion of the hearing the magistrate determined that there was "good cause" to fear that the appellant intended to commit an offense against the complainant and accordingly the magistrate ordered the appellant to post a "peace bond" of $500 to insure his good behavior for one calendar year. The appellant was unable to post the $500 bond and the magistrate ordered the appellant incarcerated in the Marion County jail for a period not to exceed one calendar year. On September 6, 1974 the appellant filed a petition for a writ of habeas corpus with the Circuit Court of Marion County, West Virginia. A hearing was held on September 9, 1974 and at the conclusion of the hearing the appellant's petition for a writ of habeas corpus was denied.

The appellant contends that his incarceration for a period of one year because of his financial inability to post a $500 "peace bond" violated the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. Appellant also contends that his arrest and subsequent incarceration under the "peace bond" statute was founded upon proof of less than "beyond a reasonable doubt", and therefore, he was denied due process of law. Appellant's third contention is that his incarceration amounted to cruel and unusual punishment which is prohibited by the Eighth Amendment to the Constitution of the United States.

The pertinent sections of the statute involved in the case at bar are Code, 62-10-2, and Code, 62-10-3. Code, 62-10-2 reads as follows:

> If complaint be made to any justice, that there is good cause to fear that a person intends to commit an offense against the person or property of another, he shall examine the complainant on oath, and any witnesses who may be produced, reduce the complaint to writing, and cause it to be signed by the complainant. If it appear proper, such justice shall issue a warrant, reciting the complaint, and requiring the person com-

plained of forthwith to be apprehended and brought before him or some other justice of the county.

Code, 62-10-3 reads as follows:

When such person appears, if the justice, on hearing the parties, consider that there is not good cause for the complaint, he shall discharge such person, and may give judgment in his favor and against the complainant for his costs. If he consider there is good cause therefor, he may require a recognizance of the person against whom it is, and give judgment against him for the costs of the prosecution, or any part thereof; and, unless such recognizance be given, he shall commit him to jail, by a warrant, stating the sum the time for and in which the recognizance is directed. The justice giving judgment under this section for costs may issue a writ of fieri facias thereon, if an appeal be not allowed; and proceedings shall be had thereupon, as provided by section eight [§50-18-8], article eighteen, chapter fifty of this Code for the collection of fines and costs in criminal cases by justices. A person from whom such recognizance is required may, on giving it, appeal to the circuit court of the county; and in such case the justice from whose judgment the appeal is taken shall recognize such of the witnesses as he may deem proper.

Code, 62-10-2 merely provides that if a complaint is made to a justice of the peace, or magistrate, and there is good cause shown that a person intends to commit an offense against a person or property of another a warrant shall be issued for such person to be brought before the justice or magistrate for a hearing. The requirement of "good cause" shown in this section is the same as the requirement of probable cause for the issuance of a warrant in an ordinary criminal case. Code, 62-10-3 provides for a hearing and if good cause is shown for the complaint a recognizance may be required of the person against whom the warrant was issued, and unless the recognizance is given the person against whom the war-

rant was issued shall be committed to jail. It is only when the person against whom the warrant is issued refuses to give a recognizance that he may be placed in jail and be deprived of his liberty. The recognizance is merely conditioned upon such person keeping the peace, or refraining from committing an unlawful act.

It has been held by this Court that a proceeding under the statutes in question was in the nature of a criminal proceeding rather than a civil proceeding. *State ex rel. Yost v. Scouszzio*, 126 W. Va. 135, 27 S.E.2d 451 (1943). It was stated in the case of *State v. Gillilan*, 51 W. Va. 278, 41 S.E. 131 (1902) that when the "peace bond" or recognizance is not given the consequence is imprisonment and that such action amounts to punishment.

It is quite true, as contended by the appellant, that if he was placed in jail because he was an indigent and could not furnish either a $500 cash bond or a proper surety while a person who is not an indigent can avoid being placed in jail by merely furnishing the bond required, he has been denied equal protection of the law in violation of the Fourteenth Amendment to the Constitution of the United States. *Tate v. Short*, 401 U.S. 395, 91 S. Ct. 668, 28 L. Ed. 2d 130 (1971); *Williams v. Illinois*, 399 U.S. 235, 90 S. Ct. 2018, 26 L. Ed. 2d 586 (1970). While the appellee concedes the foregoing principle he contends that the security required by the statute is not a bond but is a recognizance, and that inasmuch as the appellant is an indigent he can be released on his own recognizance and not placed in jail, citing Code, 62-1C-4, as amended, as authority for such contention. This statute relating to bail reads in part as follows: "The recognizance shall be signed by the defendant. * * * If the offense is a felony, the judge of the court that will have jurisdiction to try the offense may release the defendant on his own recognizance. If the offense is a misdemeanor, either the court or justice may release the defendant on his own recognizance. An indigent person who the court is satisfied will appear as required shall not be denied bail because of his inability to furnish recognizance." The rationale for this contention is that the

condition of the recognizance under the so-called "peace bond" statute is for all practical purposes the same as the condition for a bail bond. Both are conditioned on the performance of a certain act, one is for keeping the peace or good behavior and the other is for appearance at a certain time.

It is also the contention of the appellant that the statute in question violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States inasmuch as it permits the imprisonment of the appellant on proof of less than "beyond a reasonable doubt". The appellant cites as authority for this contention the case of *Santos v. Nahiwa*, 53 Haw. 40, 487 P.2d 283 (1971). In that case a magistrate required an indigent to post a $500 "peace bond", and upon the failure of the indigent to do so he was placed in jail. Upon appeal the Supreme Court of Hawaii held the statute unconstitutional for the reason that guilt of all persons charged criminally must be established beyond a reasonable doubt, and if this is not done the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States is violated. It should be pointed out that under the "peace bond" statute in this state the person required to give a recognizance is not charged with a crime, but is only required to give a recognizance to keep the peace and to refrain from violating the law. It is only where such person has been given proper notice and hearing but wilfully refuses to give a recognizance for such purpose that he can be incarcerated.

The object of a recognizance in a "peace bond" proceeding is to secure the good behavior of a person and is comparable to the object of a recognizance in a bail bond which is to secure the presence of the accused before the court at a certain time. The standard for the issuance of the recognizance in each instance should be the same. When an accused is admitted to bail he has not been convicted of any offense but there simply has been a showing of probable cause that he may have committed an offense. The same procedure is used for a "peace

bond" except that there must be good cause shown that the person required to give the recognizance has caused another to fear that he intends to commit an offense. Neither the "bail bond" nor the "peace bond" deals with a conviction of a crime and therefore proof beyond a reasonable doubt is not required for the issuance of the recognizance in either case.

The case of *Commonwealth v. Miller*, 452 Pa. 35, 305 A.2d 346 (1973) involved the Pennsylvania "peace bond" statute, which is somewhat different from the West Virginia "peace bond" statute. The Supreme Court of Pennsylvania in that case held that denial of a jury trial in such proceeding did not violate due process of law and that due process was violated only when the proceedings were so summary and informal that there was no accusation in the proper form or no notice and opportunity to interpose a defense.

Courts will not pass on the constitutionality of a statute unless it is absolutely necessary for the determination of the case. *United States v. Harriss*, 347 U.S. 612, 74 S. Ct. 808, 98 L.Ed. 989 (1954); *State v. Garner*, 128 W. Va. 726, 38 S.E.2d 337 (1946); *Norris v. County Court of Cabell County*, 111 W. Va. 692, 163 S.E. 418 (1932).

When a statute is attacked as being unconstitutional every reasonable construction of the statute must be utilized by a court in order to sustain the constitutionality of the statute. This principle is succinctly stated in the third syllabus point of the case of *Willis v. O'Brien*, 151 W. Va. 628, 153 S.E.2d 178 (1967) in the following language:

> When the constitutionality of a statute is questioned every reasonable construction of the statute must be resorted to by a court in order to sustain constitutionality, and any doubt must be resolved in favor of the constitutionality of the legislative enactment.

However, a statute may be valid on its face but unconstitutionally applied. The unconstitutional application of the statute may be prohibited and the statute allowed to

stand. *Griffin v. Illinois*, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956).

There is no merit to the appellant's contention that persons are subjected to cruel and inhuman punishment under the statute in question in violation of the Eighth Amendment to the Constitution of the United States. The sentence provided for in the statute, if the person wilfully refuses to give a recognizance, is not shocking to the conscience, does not amount to torture, is not grossly excessive, inherently unfair or unnecessarily degrading. *State ex rel. Pingley v. Coiner*, ____ W. Va. ____, 186 S.E.2d 220 (1972); *Roberts v. Janco*, 335 F. Supp. 942 (N.D. W. Va. 1971)

Under the principles of law enunciated herein, the "peace bond" statute is not unconstitutional on its face in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, but the magistrate's application of the statute in requiring the appellant to provide surety on the peace bond violates the equal protection clause because he is an indigent and cannot provide such surety. The appellant therefore should be released from jail and returned to the sentencing magistrate and allowed to be released on his own recognizance. Although the language of the statute should be more precise, due process has been satisfied. See, *Commonwealth v. Miller, supra*. The statute is therefore held to be constitutional, but unconstitutionally applied in the case at bar.

For the reasons stated herein, the judgment of the Circuit Court of Marion County is reversed and the case is remanded to that Court with directions to release the appellant from his confinement in jail and direct that he be returned to the magistrate who sentenced him and that he be permitted to go on his own recognizance to keep the peace and refrain from any violation of the law.

*Reversed and remanded
with directions.*