580 P.2d 765

**The STATE of Arizona, Appellee,**

v.

**Teresa GRAY, Appellant.**

**No. 2 CA–CR 1306.**

Court of Appeals of Arizona, Division 2.

April 27, 1978.

Rehearing Denied May 24, 1978.

Review Denied June 13, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer III and Carol Benyi, Asst. Attys. Gen., Phoenix, E. Leigh Larson, City Atty. by James A. Soto, Deputy City Atty., Nogales, for appellee.

John R. Perry, Jr., Nogales, for appellant.

OPINION

RICHMOND, Chief Judge.

This is an appeal from a superior court judgment affirming a police magistrate's order finding appellant guilty of threatening to commit an offense and requiring her to post a $500 peace bond.[1]

Appellant claims the peace bond statutes, A.R.S. § 13–1221 et seq., are void on their face for failure to comply with the requirement that guilt of a criminal offense be proved beyond a reasonable doubt. A.R.S. § 13–1221 provides:

"A complaint may be laid before a magistrate that a person has threatened to commit an offense against the person or property of another."

The complaint was captioned "complaint misdemeanor" and the court found appellant "guilty as charged" and "sentenced" her to a $500 cash bond, which she posted.

---

1. The complaint alleged that appellant threatened to commit an offense against the complainant which he believed was imminent in violation of A.R.S. § 13–1221 and 13–1222.

A.R.S. § 13–1222 provides for a preliminary examination of a complainant, under oath, so that the magistrate may determine "if there is just reason to believe that the commission of the offense threatened by the person complained of is imminent." Upon finding the requisite probable cause, the magistrate issues either a summons or an arrest warrant, reciting the substance of the complaint. "If a warrant of arrest is issued, it shall command the officer to forthwith arrest the person complained of, and bring him before the magistrate."

A.R.S. § 13–1223 provides:

"A. When the person complained of appears or is brought before the magistrate, if the charge is controverted the magistrate shall hear and determine it.

"B. If it appears that there is no just reason to believe the commission of the offense alleged to have been threatened is imminent, the person complained of shall be discharged.

"C. If there is just reason to believe the commission of the offense is imminent, the person complained of may be required to enter into a bond in such sum, not exceeding five thousand dollars, as the magistrate may direct, with one or more sufficient sureties, to keep the peace toward the state, and particularly toward the complainant.

"D. The bond provided in subsection C shall be binding for six months, and may, upon renewal of the complaint, be extended for a longer period, or a new bond may be required.

"E. The bond shall be filed by the magistrate in the office of the clerk of the superior court."

A.R.S. § 13–1224 provides that if the party complained of gives the required bond he shall be discharged, but if not the magistrate shall commit him to jail, specifying in the commitment or warrant the requirement to give security, the amount thereof and the omission to give it.

Appellant contends that the quantum of proof required to order the posting of a bond—i. e., "just reason to believe the commission of the offense is imminent"—violates the "requirement that guilt of a criminal charge be established by proof beyond a reasonable doubt . . . ." *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368 (1970).

There are few cases on the constitutional validity of similar peace bond statutes, which do not require proof beyond a reasonable doubt. In *Santos v. Nahiwa,* 53 Hawaii 40, 487 P.2d 283 (1971), the Supreme Court of Hawaii held that such a peace bond statute could not pass constitutional muster. A contrary view is taken in *Commonwealth v. Miller,* 452 Pa. 35, 305 A.2d 346 (1973), and *Kolvek v. Napple,* 212 S.E.2d 614 (W.Va.1975). In *Miller,* supra, the Supreme Court of Pennsylvania held that denial of a jury trial in peace bond proceedings did not violate due process of law and that due process was violated only when the proceedings were so summary and informal that there was no accusation in the proper form or no notice and opportunity to interpose a defense. We approve the rationale of the *Kolvek* court:

"It should be pointed out that under the 'peace bond' statute in this state the person required to give recognizance is not charged with a crime, but is only required to give a recognizance to keep the peace and to refrain from violating the law. It is only where such person has been given proper notice and hearing but willfully refuses to give a recognizance for such purpose that he can be incarcerated.

"The object of a recognizance in a "peace bond" proceeding is to secure the good behavior of a person and is comparable to the object of a recognizance in a bail bond which is to secure the presence of the accused before the court at a certain time. The standard for the issuance of the recognizance in each instance should be the same. When an accused is admitted to bail he has not been convicted of any offense but there simply has been a showing of probable cause that he may have committed an offense. The same procedure is used for a 'peace bond' except that there must be good cause shown that the person required to give the re-

cognizance has caused another to fear that he intends to commit an offense. Neither the 'bail bond' nor the 'peace bond' deals with a conviction of a crime and therefore proof beyond a reasonable doubt is not required for the issuance of the recognizance in either case."
212 S.E.2d at 618

The Arizona statutes relative to peace bond proceedings are found in the Criminal Code, Title 13, Chapter 4. Article 1 thereof is entitled "Prevention Of Offenses" and A.R.S. § 13–1201 provides in part:

"A. Public offenses may be prevented by intervention of peace officers as follows:

"1. By requiring security to keep the peace.

\* \* \*"

■ Thus we are not dealing with a criminal offense, although the proceedings below were mistakenly considered a misdemeanor prosecution, appellant was found "guilty as charged," and "sentenced" to post a bond. A proceeding requiring the person complained of to post a peace bond is neither criminal nor civil but has been categorized as quasi-criminal. *Fedele v. Commonwealth,* 205 Va. 551, 138 S.E.2d 256 (1964); *Foster v. Withrow,* 201 Ga. 260, 39 S.E.2d 466 (1946); *Ex Parte Way,* 56 Cal. App.2d 814, 133 P.2d 637 (1943). It is preventive, not remedial. *State v. Scouszzio,* 126 W.Va. 135, 27 S.E.2d 451 (1943).

■ We hold that the quantum of proof set forth in A.R.S. § 13–1223, supra, is not violative of due process and proof beyond a reasonable doubt is not required. Since the statutes provide for proper notice and hearing and an opportunity to interpose a defense, due process requirements are satisfied.

Inasmuch as we find the peace bond statutes facially constitutional, our inquiry is at an end. *State v. Yabe,* 114 Ariz. 89, 559 P.2d 209 (App.1977).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.