**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**STATE OF WEST VIRGINIA EX REL.**
**WEST VIRGINIA REGIONAL JAIL AND**
**CORRECTIONAL FACILITY AUTHORITY,**
**Petitioner**

**FILED**
**September 15, 2016**
**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 15-1021**


**COUNTY COMMISSION OF WEBSTER COUNTY,**
**DANIEL B. DOTSON, PRESIDENT,**
**JERRY F. HAMRICK, VICE PRESIDENT, AND**
**ANNA CARPENTER, COMMISSIONER,**
**Respondents**


**MEMORANDUM DECISION**


This is a writ of mandamus proceeding filed under the original jurisdiction of this Court by Petitioner, West Virginia Regional Jail and Correctional Facility Authority (hereinafter "Regional Jail"), through counsel, Leah Macia, General Counsel, and Stephen R. Connolly, Deputy Attorney General. The Regional Jail seeks to have this Court compel the Respondents, County Commission of Webster County and its three elected officials (hereinafter collectively "the Commission"),[1] pay accrued money owed to the Regional Jail for services provided to inmates from Webster County.

This Court has considered the parties' briefs, the appendix submitted, and the parties' oral arguments. Upon consideration of the standard of review, the Court grants the writ of mandamus as moulded. In view of prior precedent on the dispositive issue presented in this case, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]The three county commissioners named were Daniel B. Dotson, Jerry F. Hamrick, and Anna Carpenter.

1

# I.
# FACTUAL BACKGROUND

The Regional Jail was created through legislation known as the West Virginia Regional Jail and Correctional Facility Authority Act. *See* W. Va. Code § 31-20-1 *et seq.* (1989). Pursuant to the Act, the Legislature authorized the development of regional jails in order "[t]o provide a cost-efficient system within this state for the construction, maintenance and operation of adult jails and correctional facilities." W. Va. Code § 31-20-1a(b)(1) (1998) (Repl. Vol. 2015). Under the Act, the operational costs for the regional jail system are paid by the entities that place inmates in the facilities. *See* W. Va. Code § 31-20-10a (2004) (Repl. Vol. 2015).

In this proceeding, the Regional Jail has asserted that the Commission owes it $1.31 million dollars for services provided to inmates from Webster County, and that the Commission has failed to make payments on the debt. The Commission has admitted that it owes the Regional Jail $1.31 million dollars.[2] The Regional Jail also indicated that the amount owed continues to increase at an estimated amount of $40,000 per month. In an effort to collect the money owed by the Commission, the Regional Jail alleges that it has held discussions with the Commission and other county officials, and attempted to bill the Commission on a monthly basis. The Regional Jail has asserted that all of its efforts to get the Commission to pay the debt have failed. Consequently, the Regional Jail now asks this Court to issue a writ of mandamus to compel the Commission to pay the debt.

# II.
# DISCUSSION

We have held that "[s]ince mandamus is an 'extraordinary' remedy, it should be invoked sparingly." *State ex rel. Billings v. City of Point Pleasant*, 194 W. Va. 301, 303, 460 S.E.2d 436, 438 (1995) (footnote omitted). The traditional test for granting mandamus relief has been stated as follows:

> A writ of mandamus will not issue unless three elements coexist–(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

---

[2]The Regional Jail indicated that the Commission has not paid on the debt since mid-2012. The Commission disputes this point, but does not challenge the amount owed.

Syl. pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969). *See* Syl. pt. 2, *State ex rel. Cooke v. Jarrell*, 154 W. Va. 542, 177 S.E.2d 214 (1970) ("To entitle one to a writ of mandamus, the party seeking the writ must show a clear legal right thereto and a corresponding duty on the respondent to perform the act demanded."). As shown below, the Regional Jail has satisfied the requirements for obtaining the writ.

It was previously noted that the Commission does not dispute the fact that it owes the Regional Jail $1.31 million dollars for services rendered to inmates from Webster County, and that the debt continues to grow at an estimated amount of $40,000 per month. The Commission also concedes it has a statutory duty to pay the Regional Jail the debt owed. The statutory duty is found in W. Va. Code § 31-20-10(h) (2010) (Repl. Vol. 2015). This statute provides in relevant part:

> When inmates are placed in a regional jail facility . . . , the county shall pay into the Regional Jail and Correctional Facility Authority Fund a cost per day for each incarcerated inmate to be determined by the Regional Jail and Correctional Facility Authority[.]

*See also* W. Va. Code § 31-20-10a(c) ("The county is responsible for costs incurred by the Authority for housing and maintaining inmates in its facilities who have not been committed to the custody of the Commissioner of Corrections").

The Commission argues that it should not be required to pay the debt it owes the Regional Jail. Some of the reasons cited by the Commission include: it experienced an increase in drug prosecutions from 2013-2014; from 2010-2015 its coal severance monies were reduced in half; real property is being taxed at the maximum allowable rate; it has spent its "rainy day" reserve fund; it reduced its budget; it imposed a hiring freeze; employee benefits have been cut; it no longer funds many community programs and services; tax assessment, tax collection, county police services, and prosecution will become practically non-existent; the Regional Jail has a surplus of $58,482,000;[3] and the Regional Jail "spends money on unnecessary programs such as computer kiosks for inmate video conferencing."

---

[3]We note in passing that the Legislature has provided a statutory mechanism for dealing with excess funds held by the Regional Jail. *See* W. Va. Code § 31-20-10(d) (2010) (Repl. Vol. 2015) ("If the authority determines that moneys held in these funds are in excess of the amount needed to carry out the purposes of this article, it shall take any action that is necessary to release the excess and transfer it to the General Revenue Fund of the State Treasury.").

Based upon these reasons, the Commission contends that the application of W. Va. Code § 31-20-10(h) to the facts of its circumstances is unconstitutional. We disagree.

The issue of an unconstitutional application of a statute to a specific set of facts is not new to this Court. *See City of Wheeling v. Natural Gas Co. of W. Va.*, 74 W. Va. 372, 385, 82 S.E. 345, 351 (1914) ("[I]t has been many times decided that though a statute may be lawful as applied to some person it may nevertheless be rendered invalid in its application to others, if its enforcement would deprive them of legal and constitutional rights." (citation omitted)). "This Court has repeatedly held that a statute may be constitutional on its face but may be applied in an unconstitutional manner." *State ex rel. Haden v. Calco Awning & Window Corp.*, 153 W. Va. 524, 530, 170 S.E.2d 362, 366 (1969). *See Lewis v. Canaan Valley Resorts, Inc.*, 185 W. Va. 684, 691, 408 S.E.2d 634, 641 (1991) ("[A] statute may be constitutional on its face but may be applied in an unconstitutional manner."); Syl. pt. 12, *Farley v. Graney*, 146 W. Va. 22, 119 S.E.2d 833 (1960) ("An act of the legislature may be valid in its general scope and broad outline but invalid to the extent that the restrictions imposed thereby are clearly arbitrary and unreasonable in their application to specific property."); Syl. pt. 8, *Coal & Coke Ry. Co. v. Conley*, 67 W. Va. 129, 67 S.E. 613 (1910) ("It is no objection to the remedy in such case, that the statute, the application of which in the particular case is sought to be prevented, is not void on its face, but is complained of only because its operation in the particular instance works a violation of a constitutional right."). In Syllabus point 6 of *Kolvek v. Napple*, 158 W. Va. 568, 212 S.E.2d 614 (1975), we succinctly held: "A statute may be valid on its face but unconstitutionally applied. The unconstitutional application of the statute may be prohibited and the statute allowed to stand."

In the instant case, the Commission has failed to show how W. Va. Code § 31-20-10(h) is arbitrary or capricious in its application to the facts of this case. Indeed, the facts of this case show only that the Commission has arbitrarily chosen not to make payments on the debt it owes the Regional Jail. Although we recognize the Commission may have encountered an unexpected loss in revenue from the coal industry, this situation is a state-wide problem that is not peculiar to the Commission. Moreover, this Court does not have authority to decide what bills government entities can avoid paying, in times of financial belt tightening, because of revenue shortage from the coal industry. The issues raised by the Commission in this regard are matters for the Legislature to consider and resolve. Our duty is to apply the law, not reinvent it in order to allow a party to avoid payment of a debt.

The Regional Jail has argued that under our decision in *State ex rel. Regional Jail & Correctional Facility Authority v. County Commission of Cabell County*, 222 W. Va. 1, 657 S.E.2d 176 (2007), it is entitled to the requested writ. We agree.

4

One of the issues presented in *Cabell County* involved a request by the Regional Jail to have this Court, require the County Commission of Cabell County pay the debt it owed the Regional Jail for housing its prisoners.[4]  At the time that the proceeding was filed with this Court the county owed the Regional Jail $1.5 million dollars for fiscal year 2005.[5]  We determined that under W. Va. Code § 31-20-10 and § 31-20-10a(c) the county had a mandatory duty to pay the debt owed to the Regional Jail.  We addressed the matter as follows:

> Given this Court's duty to uphold the laws of this state which includes the enactments of our Legislature, we are similarly constrained to recognize the mandatory language directing that the counties "shall pay" for the "costs of operating the regional jail facilities of this state to maintain each inmate" as well as the statutory language that imposes responsibility on the counties for "costs incurred by the Authority for housing and maintaining inmates in its facilities."  W. Va. Code §§ 31-20-10(h); 31-20-10a(c). . . .  Accordingly, we conclude that the statutory provision imposing mandatory payment obligations on the Commission for inmates housed in the regional jail is clearly subject to enforcement.  Furthermore, the trial court was without the authority to reduce the amount of assessments made by the Authority. . . .  Accordingly, the Commission is required by statute to remit payment to the Authority for those amounts assessed for per diem payments in connection with fiscal year 2005.  Insofar as the trial court improperly reduced the per diem rate pursuant to which the Commission was obligated to pay the Authority for fiscal year 2005, the Commission remains responsible for the amounts as originally assessed for such period.

---

[4]The case was filed as a petition for a writ of mandamus under the original jurisdiction of this Court.  We issued a rule to show cause returnable to the Circuit Court of Cabell County for the development of an evidentiary record.  The circuit court entered an order partially granting the Regional Jail the relief requested.  In doing so, the circuit court drastically reduced the amount of money the Regional Jail was seeking.  The Regional Jail appealed that partial judgment.

[5]While the case was pending before this Court, the county paid some of the debt and reduced it to $457,355.00.

*Cabell County*, 222 W. Va. at 13, 657 S.E.2d at 188.

The decision in *Cabell County* is binding precedent on the resolution of the instant case. *See Scott v. Virginian Ry. Co.*, 117 W. Va. 180, 187, 184 S.E. 559, 562 (1936) ("We are of the opinion that the case of *Pedersen v. Delaware, L. & W. R. Co.*, . . . was decided upon facts essentially analogous to the facts before us, and that it constitutes a binding precedent for the decision of this case."). *See also State ex rel. Farley v. Cummings*, No. 12-0159, 2012 WL 3155730, at *2 (W.Va. May 9, 2012) (memorandum decision) ("The holding in *Hunter*, supra, is binding precedent in this action. The writs of prohibition and mandamus filed by the petitioners herein are granted."). Insofar as "there is a complete lack of proof that [W. Va. Code § 31-20-10] is being applied in an unreasonable, arbitrary or capricious manner; . . . the statute . . . is constitutional." *State ex rel. Haden v. Calco Awning & Window Corp.*, 153 W. Va. 524, 531, 170 S.E.2d 362, 366 (1969). Accordingly, we find that under our precedent the Commission must pay the debt owed to the Regional Jail.

## III.
## CONCLUSION

In view of the foregoing, we find that the Regional Jail is entitled to the writ, as moulded. Therefore, we hold that the Commission must pay the debt of approximately $1.31 million dollars it owed to the Regional Jail at the time that this proceeding was filed, in addition to payment of the debt that accrued while this case was pending. We further require the Regional Jail to work out a payment plan with the Commission that allows the Commission to pay the past debt in installments over the course of a reasonable period of time.[6]

---

[6]The Regional Jail also has indicated in its brief that it contacted the state Tax Commissioner and requested tax payments due to Webster County be withheld. *See* W. Va. Code § 14-1-37(h) (2010) (Repl. Vol. 2014) ("The auditor and the chief administrators of the various state agencies are authorized by this section to enter into interagency agreements for the purpose of . . . collecting debts, fees and penalties due the state, its departments, agencies or institutions."). The Regional Jail has asked this Court to order the Tax Commissioner to give it the tax monies it is holding for Webster County. We decline to grant such relief because the Tax Commissioner is not a party to this litigation. *See State v. Felty*, 109 W. Va. 384, 390-91, 155 S.E. 122, 124 (1930) ("Under our decisions, which have been uniform, the merits of a case should never be adjudicated in the absence of necessary parties."); Syl. pt. 2, in part, *United Fuel Gas Co. v. Morley Oil & Gas Co.*, 101 W. Va. 73, 131 S.E. 713 (1926) ("The merits of a cause should never be adjudicated in the absence of necessary parties.").

Writ granted as moulded.

**ISSUED:  September 15, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

During oral argument the Regional Jail stated that it was no longer seeking tax payments from the Tax Commissioner.